In the Matter of the Application of BERNSON SILK MILLS, Petitioner, Appellant, against M. S. SIEGEL & COMPANY, INC., Respondent, for an Order Confirming a Certain Award of Arbitrators, Dated July 21, 1938.

First Department, April 6, 1939.

*Robert R. Bruce* of counsel [*McLanahan, Merritt & Ingraham*, attorneys], for the appellant.

*William Felstiner* of counsel [*Theodore R. Malsin* with him on the brief; *Spiro, Felstiner & Prager*, attorneys], for the respondent.

UNTERMYER, J. In December, 1937, M. S. Siegel & Company, Inc., the respondent, placed with Bernson Silk Mills, the petitioner, an order for a quantity of printed silk. The order was oral, but the petitioner alleges that the contract was reduced to writing and a copy delivered to and retained by the respondent. The writing contained a provision for arbitration of all controversies relating to the contract. The silk was delivered on or about January 3, 1938. Subsequently a dispute arose as to the quality of the merchandise and the respondent's obligation to pay for it. The petitioner then demanded arbitration and gave notice of appointment of one Sidney Frankel as the arbitrator selected by the petitioner. On May 31, 1938, there was personally served on

respondent, pursuant to section 1458 of the Civil Practice Act, a notice of intention to arbitrate, in which respondent was informed that the matter had been submitted to the arbitration bureau of the National Federation of Textiles, Inc., in accordance with the contract, and the petitioner had appointed Frankel as its arbitrator. Later the respondent was advised that, unless it appointed an arbitrator, the committee on arbitration of the Federation would make the designation, and on or about June 29, 1938, respondent received from the Federation notice to the effect that one Benjamin Garcy had been nominated by the committee on arbitration, on account of the respondent's failure to designate an arbitrator. Frankel and Garcy thereafter selected one Louis Lazare as the third arbitrator. On or about July 7, 1938, respondent received notice that the arbitration would proceed on July twenty-first. After that notice had been mailed to the respondent, Louis Lazare resigned, and the two remaining arbitrators substituted one E. C. Rossmassler as third arbitrator. Respondent received notice to that effect on or about July 11, 1938. The formal written appointment of Rossmassler was signed by Frankel and Garcy on July 21, 1938, and on that day the three arbitrators took their oath of office and proceeded with the arbitration. An award was made in favor of the petitioner, of which the respondent received notice on July 22, 1938.

The record discloses that the respondent disregarded all notices and communications with reference to the arbitration and did not participate therein. Following the award of the arbitrators the petitioner moved for an order of confirmation. The respondent opposed confirmation of the award because (1) it had never agreed to arbitrate, and (2) that the arbitration was without effect for non-compliance with rules 6 and 9 of the National Federation of Textiles, Inc., which, by the contract, governed the arbitration procedure. The Special Term sustained the respondent's contention concerning the failure to comply with rule 9 and denied the motion to confirm the award. That question will be first considered.

Rule 9 of the arbitration rules, which the Special Term held to have been violated, provides: " Notice of hearing — As soon as the arbitrators are appointed the Bureau shall give notice by mail to the parties and to the arbitrators of the time and place fixed for the first hearing, such mailing to be not less than fourteen days before the date of such hearing."

Rule 7, relating to " Successor Arbitrators," so far as material, provides: " If an arbitrator shall resign or otherwise fail or cease to act, then the Committee may declare a vacancy to exist. A successor arbitrator shall be appointed in the manner set forth in these Rules for the appointment of the predecessor arbitrator,

unless the Committee in its absolute discretion decides to appoint the successor arbitrator."

Rule 27 provides: "Interpretation of rules — The Committee shall have exclusive power to construe these Rules and its interpretation shall be conclusive."

It is conceded that the respondent received fourteen days' notice of the time and place fixed for the first hearing by the arbitrators if the time be reckoned from the date of the appointment of Frankel, Garcy and Lazare. The Special Term has held, however, that there was non-compliance with rule 9 in that by the resignation of Lazare and the substitution of Rossmassler a new board of arbitrators was created requiring a further notice of fourteen days before the hearings could proceed. We are inclined to the opinion that this result does not follow under the rules of the Federation, especially if rule 9 be read in relation to rule 7 and the interpretation of both those rules by the committee be given due weight under rule 27 of the arbitration rules.

Rule 6, which provides for the method of appointment of the arbitrators, specifies also that "the arbitrators shall be notified by the Bureau [Arbitration Bureau of the Association] of their appointment." By rule 9 it is provided that as soon as "the arbitrators are appointed" the bureau shall give notice of the time and place for the first hearing, which shall be at least fourteen days thereafter. There is no express provision in the rules, and we think none should be implied, that the resignation thereafter of an arbitrator and the appointment of a successor require a further notice to be given postponing the date of the first hearing. On the contrary, rule 7 provides that in the event of the resignation of an arbitrator " the Committee may declare a vacancy to exist," thereby recognizing the continued existence of the board of arbitrators, as such, and requiring, not the creation of a new board, but only the appointment of " a successor arbitrator " (Compare *Matter of A. E. Fire Ins. Co.* v. *N. J. Ins. Co.*, 240 N. Y. 398.)

It furthermore appears that the committee on arbitration has always thus construed these provisions of its rules. Giving proper weight, under rule 27, to that construction (*Matter of Oltarsh* v. *Classic Dresses, Inc.*, 255 App. Div. 532), which was neither arbitrary nor unreasonable, we conclude that the arbitration proceedings in this respect were regular.

This conclusion would require confirmation of the award of the arbitrators were it not that the affidavits on the motion to confirm present an issue of fact as to whether the parties had made any agreement to arbitrate. (*Matter of Exeter Manufacturing Co.* v. *Marrus*, 254 App. Div. 496.) The respondent which did not participate in the arbitration proceedings was not deprived of its

right to a judicial determination of that issue by the notice served pursuant to section 1458 of the Civil Practice Act and failure to apply for a stay of the arbitration. (*Schafran & Finkel, Inc.*, v. *Lowenstein & Sons, Inc.*, 280 N. Y. 164.) That issue of fact must be determined by a jury under section 1450 of the Civil Practice Act. (*Finsilver, Still & Moss* v. *Goldberg, M. & Co.*, 253 N. Y. 382.)

The order should, therefore, be reversed, without costs, a trial by jury directed of the issue as to the existence of the contract to arbitrate, and further proceedings thereupon had at Special Term in accordance with this opinion.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, without costs, a trial by jury directed of the issue as to the existence of the contract to arbitrate, and further proceedings thereupon had at Special Term in accordance with the opinion. Settle order on notice.