In the Matter of the Arbitration Between WESLEY SIMPSON, INC., Respondent, and JOYCE FASHIONS, INC., Appellant.

First Department, December 13, 1948.

*Philip Steinman* for appellant.

*Charles C. Schwartz* for respondent.

*Per Curiam.* There is in this case a sharp issue of fact as to whether a written contract to arbitrate ever came into existence. Appellant admits making and signing the order dated May 12, 1948. This writing, which contained a provision for arbitration of all future disputes, standing alone, was not a contract. By its very terms there was to be no contract until the order was signed and delivered by buyer to seller and *accepted in writing by seller* or until buyer or his agent had accepted delivery of the whole or any part of the goods. If the statements of the affiants for appellant are to be believed, there was neither an acceptance nor a delivery up to June 7, 1948, the date on which appellant states it cancelled the order.

Respondent's argument that it was for the arbitrators to decide whether the contract between the parties was cancelled is untenable because the issue to be determined here is: Was the contract to purchase cloth containing an arbitration clause ever actually made? When and if that issue is determined in favor of respondent, all acts of the parties subsequent to the making of the contract which raise issues of fact or law lie exclusively within the jurisdiction of the arbitrators (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76, 80). The arbitration clause is of no avail if the contract containing it was never made. There must be a trial forthwith of the issue of fact as to whether a contract to arbitrate exists. (*Finsilver, Still & Moss* v. *Goldberg, Maas & Co.,* 253 N. Y. 382; *Matter of Bernson Silk Mills* v. *Siegel & Co., Inc.,* 256 App. Div. 617, 619, appeal dismissed 282 N. Y. 608.)

The order should accordingly be modified by directing a trial of the issue as to whether there was a contract to arbitrate, and in the meantime the arbitration proceedings are to be stayed.

GLENNON, J. P., DORE, COHN, CALLAHAN and SHIENTAG, JJ., concur.

Order unanimously modified by directing a trial of the issue as to whether there was a contract to arbitrate, the arbitration proceedings in the meantime to be stayed, and as so modified, affirmed, with $20 costs and disbursements to the appellant.