Cohn, J.
On December 17, 1946, respondent, Arthur Philip Export Corporation, sent a telegram from its office in New York addressed to appellant, Leathertone, Inc., at its place of business in Boston, Massachusetts, the body of which reads as follows: ‘ Ship fastest way not later than Dec 20th three drums each blue scarlet patent each 110 sheets 211/2x41" at 27 cents.” On the same day Arthur Philip Export Corporation mailed a confirmation letter to Leathertone on its printed blank, which letter is referred to therein as “ Order #7218.” This writing stated “ We are pleased to submit the following order to you: Confirming our today’s wire.” After quoting the telegram verbatim it then sets forth a detailed description of the merchandise ordered together with shipping instructions. At the bottom of the page the order bears the printed name of Arthur Philip Export Corporation and in ink underneath appears the signature “ Kurt P. Rosenberg ”. In small print on the right-hand side at the lower center of the face of this order form there appears the legend “ (See also back) ”. On the reverse side of the form it is stated in print that ‘ ‘ this order is further subject to the following terms: ”, one of which reads as follows: “ Arbitration: Claims and disputes in connection with this purchase contract and its execution are subject to arbitration *104 before the American Arbitration Commission in New York.” Concededly, there is no American Arbitration Commission in New York but, according to respondent, the name intended was “ American Arbitration Association in New York.”
Appellant shipped the merchandise on December 19, 1946, as directed. An invoice was thereupon sent to respondent by appellant with the following notation at the top “ Our order No. 1213. Your order No. 7218.” It also contained a description of the goods together with price md set forth terms as to claims allowed and returns. This invoice did not include a provision for arbitration and made m reference to the arbitration clause printed on the reverse side of respondent’s order No. 7218.
Several months later, respondent notified appellant that respondent’s customer in China claimel that three of the six drums had arrived in a defective condition. Respondent demanded arbitration. Under date of February 20,1948, appellant wrote to the American Arbitration Association to the effect that it had never agreed to arbitrate. Nonetheless the arbitration proceeded. Appellant failed to appear and an award was made in favor of respondent. From the order confirming the award and judgment entered thereon this appeal is taken.
Appellant contends that the contract entered into between the parties does not provide for arbitration and that, even assuming that respondent’s confirmation letter be deemed to supersede the telegram (which made no mention of arbitration), there was no meeting of the minds between the parties as to the printed matter on the reverse side of respondent’s confirmation letter which included the provision for arbitration.
The statute provides that a contract to arbitrate a controversy thereafter arising between the parties mast be in writing (Civ. Prac. Act, § 1449). No one is under a daty to arbitrate unless by clear language he has agreed to do so. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132; Matter of Eagar Const. Corp. v. Ward Foundation Corp., 255 App. Div. 291, 293.) “ ‘ A party cannot be held to contract where there is no assent. * * * There must be actual acceptance, or there is no contract.’ ” (Matter of Tanenbaum Textile Co. v. Schlanger, 287 N. Y. 400, 404.) Though the principle of arbitration in commercial disputes is a sound one and should be encouraged, no one may be compelled to give up his right to resort to established judicial tribunals with all of their safeguards unless he has agreed by a writing to do so. If a party wishes to 1 ind in writing another to an agreement to arbitrate future disputes, such purpose *105 should be accomplished in a way that each party to the arrangement will fully and clearly comprehend that the agreement to arbitrate exists and binds the parties thereto.
Here appellant says that it was wholly unaware of the existence of the arbitration clause set forth on the reverse side of the confirmation order of respondent. The clause was one of some ten paragraphs printed on the reverse side of that order, not signed by any officer of respondent and merely had the printed name of respondent at the bottom. Respondent does not claim that the provisions on the reverse side of its communication were called to appellant’s attention other than by the legend on the face thereof, in small type and in parenthesis, stating “ (see also back) ”, An inspection of the actual exhibit shows that the legend is in an inconspicuous place. There is no other reference or suggestion on the face of the form that the transaction is subject to the terms and conditions set forth on the reverse side.
A party should not be bound by clauses printed on the reverse side of a document unless it be established that such matter was properly called to its attention and that it assented to the provisions there stated (Blossom v. Dodd, 43 N. Y. 264; Klar v. H. & M. Parcel Room, 270 App. Div. 538, 543, affd. 296 N. Y. 1044; Dery v. Blate, 209 App. Div. 467, 471, affd. 239 N. Y. 203). The situation presented in this case is somewhat similar to that in Matter of Albrecht Chemical Co. (Anderson Trading Corp.) recently decided by the Court of Appeals (298 N. Y. 437) wherein an order contained eleven separately numbered terms and conditions on its reverse side, one of which provided for the arbitration of any controversies or claims that might arise between the parties. In. holding that there was no agreement to arbitrate the court, speaking through Fuld, J., said (pp. 440-441):
“ It is to be observed that, in the cases wherein acceptance has been thrust upon a party as the result of his silence, something more than here was present. For example, the parties may have been advised and warned by a previous course of dealings that inaction would be taken as assent (see Matter of Catz Amer. Sales Corp. [Holleb & Co.], 298 N. Y. 504, affg. 272 App. Div. 689; see, also, 1 Williston on Contracts, op. cit., § 91B; Restatement, Contracts, § 72 [1], subd. [e]), or, acting through a common agent, they may have impliedly authorized him to bind them without more to various provisions, including one on arbitration. (See Matter of Catz Amer. Sales Corp. [Holleb & Co.], supra.) * * *
*106 In short, neither expressly nor imp liedly, neither directly nor indirectly, did the parties ever discuss arbitration or bar gain about it, and certainly they reached no agreement thereon. (See Matter of Kahn [Nat. City Bank], 284 N. Y. 515, 523; Matter of Bullard [Grace Co.], 240 N. Y. 388, 395.) The buyer’s only recourse for alleged breach is to the courts.”
Appellant insists that it never assented to any provision for arbitration by words or by conduct; that the presence of such a clause on the back of respondent’s confirmatory order was at no time called to its attention and that it did not bind itself to arbitrate any future dispute. Respe ndent, however, urges that there were previous dealings between the parties wherein respondent used the identical order forms, which contained the same arbitration clause as the one now in question, and further that appellant was fully aware of the provision calling for arbitration. In view of these conflicting claims, there is an issue of fact as to whether a contract in writing to arbitrate exists. Such issue must be resolved in accordance with section 1450 of the Civil Practice Act. (Finsilver, Still & Moss, Inc., v. Goldberg, Maas & Co., 253 N. Y. 382; Matter of Simpson, Inc. [Joyce Fashions], 274 App. Div. 426; Matter of Bernson Silk Mills v. Siegel & Co., 256 App. Div. 617, 619, appeal dismissed 282 N. Y. 608.)
The judgment and order should accordingly be reversed and the motion to set aside the award of the arbitrators should be held in abeyance until after a trial of t ie issue as to whether a contract in writing was entered into between the parties.
Glennon, J. P., Dore, Callahan and Shientag, JJ., concur.
Judgment and order unanimously rev appellant and the motion to set aside the a held in abeyance until after a trial of a contract in writing was entered into be rersed, with costs to the ward of the arbitrators .e issue as to whether ween the parties. 11