J. Irwin Shapiro, J.
This is an application by the plaintiff for an order enjoining “ Air Transport Local 504 of the Transport Workers Union of America, AFL-CIO, pendente lite, from proceeding with arbitration of an alleged ‘ dispute ’ between plaintiff and defendant, before the New York State Board of Mediation involving alleged severance and accrued sick pay benefits.”
On June 18, 1966 and July 1, 1966, respectively, plaintiff secured contracts from Northwest Airlines and Trans-World Airlines for the cleaning and maintenance of their facilities at the John F. Kennedy International Airport in Queens County.
It appears that some of the workers now employed by the plaintiff were previously employed by Allied Aviation International Service Corporation (Allied), which, prior to June 18, 1966, serviced the facilities leased by Trans-World Airlines and Northwest Airlines at said airport. There is no relationship between the plaintiff and Allied except that they are competitors in the same general field.
Prior to entering into said contracts, plaintiff had no dealings with the Transport Workers Union of America (T.W.U.). On July 18, 1966 plaintiff and T.W.U. entered into an agreement, effective as of June 18, 1966, under which T.W.U. became the representative of plaintiff’s employees. Article 21(h) of that agreement provides that “ in case there is any dispute between the parties hereto arising out of this Agreement * * * the matter .shall be submitted for decision to an arbitrator ”.
The defendant T.W.U. submitted a statement of grievance to plaintiff and Allied contending that certain of its members were entitled to severance pay and accrued sick pay by virtue of the fact that such members were previously employed by Allied. There is no contention in the statement of grievance, or in any of the papers here, that any of the services of the members of T.W.U. were terminated by plaintiff, nor is it claimed that any accruals of sick pay have occurred since June 18, 1966, the effective date of the first contract between Mohawk and the T.W.U. The grievance specifically alleges that what the union *274 seeks to obtain by arbitration is “ severance pay and for accrued sicktime pay for all employees who were formerly employed by Allied Aviation International Service Corporation at the Trans World Airline Building and at the Northwest Airlines Building, John F. Kennedy International Airport.”
In opposition to the motion for a stay, the T.W.U. contends that it is entitled to go to arbitration because ‘ ‘ a dispute has arisen between the Union and Allied Aviation Service International Corporation and Mohawk Maintenance Company, Inc., the plaintiff herein, with respect to accrued sick pay and severance pay for a group of employees formerly employed by Allied Aviation Service International Corporation and now employed by the plaintiff and covered by the labor agreement aforementioned.” (Emphasis supplied.)
In its memorandum of law, the T.W.U. frankly admits that it is its 1 ‘ position that Allied must make severance and sick leave payments to the subject employees ” and that it has joined the plaintiff Mohawk in the arbitration proceedings so that “ in the unlikely event that an arbitrator should rule that Mohawk assumed the Allied contract * * * the arbitrator must hold that Mohawk is required to give the employees credit for sick time accrued with Allied for the purpose of sick leave pay for current sickness and credit for prior service with Allied for computing severance pay when and if it becomes due from Mohawk.”
The T.W.U. thus agrees that it has no initial claim against the plaintiff Mohawk which is “ covered by the labor agreement ”.
Since the adoption of CPLB. 7501, the so-called Cutler-Hammer doctrine (Matter of International Assn. of Machinists [Cutler-Hammer], 297 N. Y. 519) which held that a court may refuse to compel arbitration on the ground that there was no “ bona fide” dispute, no longer prevails, nor must one now seeking arbitration establish that there is a justiciable dispute, as was formerly the requirement under Matter of Essenson [Upper Queens Med. Group] (307 N. Y. 68).
The law, as now expressed in the last sentence of CPLR 7501, reads that ‘ ‘ In determining any matter arising under this article, the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute.” The fact that the court may not consider whether the asserted claim “is tenable ” or frivolous or meritless ‘ ‘ does not affect the axiomatic proposition that one can only be compelled to arbitrate when one has agreed to do so, nor its necessary concomitant that whether one has so *275 agreed is a question for the court.” (Matter of Uddo . [Taomina], 21 A D 2d 402, 405.)
While the parties here did enter into an arbitration agreement, it was to arbitrate questions arising under the contract between them. It does not provide for the arbitration of questions of severance pay or accrued sick leave the right to which accrued in plaintiff’s employees by reason of their employment by an entirely different entity.
In Greene Steel & Wire Co. v. Hartmann & Co. (235 N. Y. S. 2d 238, 240, affd. 20 A D 2d 683, app. dsmd. 14 N Y 2d 688), it is suggested that under the present statute there are only three preliminary questions to be considered by the court in determining whether the right to arbitration exists. They are “ (l) Whether there is in fact a dispute; (2) whether there is a contract to arbitrate; and (3) whether there is a refusal to arbitrate.”
Weinstein-Korn-Miller (vol. 8, N. Y. Civ. Prac., par. 7501.20) in commenting on that statement say that “ Since the amendment in 1963 of CPLR 7501, the first of these questions seems better phrased by asking whether one party claims there is a dispute. Since the answer will always be yes if the case is in court, there remain only the last two questions.”
If the learned authors mean that the statute now takes away from the court the right to determine whether the arbitration agreement is broad enough to encompass the dispute, I do not agree with them. The fact that there is an agreement to arbitrate certain differences does not mean that there is a right to arbitrate other disputes not included within the four corners of the arbitration agreement for “ No one is under a duty to arbitrate unless by clear language he has agreed to do so.” (A-l Camp Chair Serv. Co. v. Crow Constr. Co., 24 A D 2d 623, 624; Matter of Littlejohn & Co. [Fah Sang Co.], 20 A D 2d 697, affd. 15 N Y 2d 530; Matter of Lehman v. Ostrovsky, 264 N. Y. 130.) While under the arbitration statute the court may not determine the bona fides of a claim, or even its tenability, it does not, nor in my opinion was it intended to, have the scope of prohibiting an initial inquiry as to whether or not the arbitration clause, as a matter of law, covers the proffered dispute. (Steelworkers v. American Mfg. Co., 363 U. S. 564; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80; Matter of Rosenbaum [Amer. Sur. Co. of N. Y.], 11 N Y 2d 310, 314; Matter of Carey v. Westinghouse Elec. Corp., 11 N Y 2d 452, 456, revd. on other grounds 375 U, S. 261.) In the Steelworkers case {supra, pp. 567-568) the court said: “ The function of the court is very limited when the parties have agreed to submit all *276 questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration, is making a claim which on its face is governed by the contract.” (Emphasis supplied.)
The claim in the alternative which the T.W.U. is here making against the plaintiff is one which on its face is not governed by the contract and is therefore not arbitrable.
In Matter of Empire State Master Hairdressers’ Assn. [Journeymen Barbers] (18 A D 2d 808), there was an agreement to arbitrate. The Appellate Division, Second Department, in reversing an order of Special Term which denied a stay of arbitration, said that the matter proposed to be arbitrated ‘1 is not encompassed by that article [of the contract] and, therefore, not subject to arbitration. In deciding whether the dispute between the parties is or is not arbitrable under the terms of their agreement, we do not consider or pass upon the bona fides or the merits of the dispute. ’ ’
Where an agreement to arbitrate on its face shows that the particular issue sought to be submitted to arbitration was not agreed upon as a subject for arbitration, it is for the court, and not the arbitrator, to so declare. (Matter of Lafayette Iron Works [Wilaka Constr. Co.], 23 A D 2d 487; Matter of Uddo [Taormina], 21 A D 2d 402, supra; Matter of Philip Export Corp. [Leathertone], 275 App. Div. 102; Matter of Wesley Simpson, Inc. [Joyce Fashions], 274 App. Div. 426.) In holding that the T.W.U. has not by its grievance claim here shown any dispute which is arbitrable under the agreement between it and the plaintiff, I am not passing ‘ ‘ upon the bona fides or the merits of the dispute ’ but am merely determining as a matter of law that the parties did not by their contract agree to submit to arbitration any claim that the plaintiff assumed Allied’s liabilities for severance pay and sick leave.
The motion for stay of arbitration is granted. The caption of the action denominates the defendant as “ Charles E. Drake, Pres, of the Air Transport Local 504 of the Transport Workers Union of America, AFL-CIO ”. In the affidavit in opposition it is stated, in passing, that the agreement here in question was entered into “ with the Transport Workers Union of America, AFL/CIO ” and not with “ Air Transport Local 504 ” but that the “ Local does, however, administer the said labor agreement on a day to day basis ”. I assume that the defendant is seeking a determination on the merits, for in its affidavit it asks “ for the entering of an order compelling the plaintiff to arbitrate the dispute ” and I have so treated the controversy between the parties.