OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented is whether an award of a mediator-arbitrator at a community dispute resolution center may be *702 confirmed by the Supreme Court. This court holds that such an award may be confirmed, and, under the facts of this case, the award is so confirmed.
ESTABLISHMENT OF THE CENTERS
The Legislature, in 1981, determined that the resolution of certain matters by formal judicial proceedings is too costly and complex. Accordingly, it provided for the establishment of community dispute resolution centers to handle certain "quality of life” disputes which may deeply affect the participants, which disputes, taken collectively, have "enormous social or economic consequence”. The centers would, it was hoped, resolve disputes quickly, economically and voluntarily. (L 1981, ch 847, § 1.)
The program was implemented, in part, by the enactment of Judiciary Law article 21-A.
The IMCR Dispute Resolution Center (IMCR) is one of the centers established pursuant to the community dispute resolution centers program of the New York Unified Court System.
THE DISPUTE AND THE AGREEMENT
The parties had a dispute, of great importance to them, involving claims of aggravated harassment and reckless endangerment of property. On March 26, 1985, they entered into a written agreement, signed by each of the parties. The agreement provided for the resolution of their controversy in accordance with CPLR article 75, the arbitration article. It also provided that the decision of the mediator-arbitrator shall have the same binding force as a court order and that a judgment could be entered on the award.
AWARD AND THE APPLICATION TO CONFIRM
On the same date as the agreement, the mediator-arbitrator, after having heard the proofs of the parties, rendered an award in writing. Petitioners move for a judgment confirming the award.
Respondent opposes confirmation on three grounds, namely: (1) respondent was not present at the hearing, (2) confirmation is barred by a decision of another Justice of this court, and (3) the award is of such nature as to be unenforceable and not a proper subject for confirmation by the courts. Respondent’s arguments are without merit.
*703 APPEARANCE BY RESPONDENT
First, an order of another Justice of this court, dated December 7, 1985, finds that the petitioners and the respondent were all present at the arbitration proceeding. This finding is confirmed by respondent’s signature on the arbitration agreement.
BARRED BY EARLIER DECISION
Second, it is claimed that the decision of December 7, which states that the award "does not fit the symmetry of an arbitration award or purport to fall under the rubric of Article 75, CPLR”, is binding upon this Justice, and bars confirmation.
Respondent is in error. The quoted portion of the decision is dictum. The determination of the earlier application turned on the fact that a corporate entity was not a signatory to the arbitration agreement. Moreover, while the award does not, on its face, purport to fall under CPLR article 75, the arbitration agreement clearly invokes article 75.
THE NATURE OF THE AWARD
Third, respondent claims that the nature of the award, which bars certain activities that might constitute aggravated harassment, harassment and reckless endangerment, is not enforceable or the proper subject of confirmation. In effect, respondent urges that the underlying grievance was not subject to arbitration.
However, it has been authoritatively settled that the provisions of CPLR 7511 do not permit a party who has willingly participated in the arbitration to raise the question of arbitrability. (Matter of United Liverpool Faculty Assn. v Board of Educ., 52 NY2d 1038.) Moreover, a CPLR article 75 was intended to remove earlier limitations on the nature of matters that could be submitted to arbitration. (Mohawk Maintenance Co. v Drake, 53 Misc 2d 272.)
True, it has generally been held that disputes involving the violation of the criminal law are beyond the scope of arbitration. (Matter of Goldmar Hotel Corp. [Morningside Studios], 283 App Div 935; Harris v Shearson Hayden Stone, 82 AD2d 87; Mendelsohn v A & D Catering Corp., 100 AD2d 209.) However, the Legislature has specifically carved out an exception to that general rule by the establishment of the dispute resolution program.
*704 Finally, the award must be confirmed to carry out the legislative purposes underlying the community dispute resolution program. Judiciary Law § 849-b (5) (e) requires that the agreement signed by the parties indicate that the dispute resolution process will be final and binding upon the parties, and the agreement here does so. The entire mediation-arbitration process would be a futile act, and the legislative intent in establishing the program would be frustrated, if confirmation were denied because of the nature of the award.
Accordingly, the award is confirmed.