In the Matter of the Arbitration between MICHAEL J. PRIORE, Appellant, and ARTHUR F. SCHERMERHORN, Respondent.

**Contract — arbitration — provision in building contract for arbitration as to certain matters — waiver of restrictions so as to give arbitrators jurisdiction as to all matters in dispute.**

Where, by the terms of a building contract, arbitration of disputes, only as to payment for additional work or alterations and for loss caused by delay, was provided, the question of an allowance to the owner for defective work is not subject-matter of arbitration under the contract, but where it appears that the contractor presented all his claims to arbitration, not confining himself to the subjects for arbitration provided in the contract, he opened up the whole matter and cannot object because the owner also presented his claims. The method of procedure before the arbitration amounted to a waiver of the restrictions under the contract and gave the arbitrators jurisdiction to determine all matters in dispute.

*Matter of Priore* v. *Schermerhorn*, 204 App. Div. 332, affirmed.

(Argued October 15, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 17, 1923, modifying and affirming as modified a judgment in favor of the appellant herein entered upon an order of Special Term modifying and confirming as modified an award of arbitrators.

*Arleigh Pelham* for appellant. There was submitted to the arbitrators for determination only those matters of difference specified in the contract between the parties. (*Matter of Amalgamated Assn.*, 196 App. Div. 206; *Wallace* v. *G. A. Ins. Co.*, 41 Fed. Rep. 742; *Harrison* v. *G. A. F. Ins. Co.*, 67 Fed. Rep. 577; *Dodds* v. *Hakes*, 114 N. Y. 260; *Supreme Lodge* v. *Raymond*, 57 Kans. 647; *Matter of General Silk Imp. Co.*, 200 App. Div. 786; 234 N. Y. 513; *Itoh & Co., Ltd.*, v. *Boyer Oil Co.*, 198 App. Div. 881; *Palladino* v. *Mayor, etc.*, 56 Hun, 565; *Cruthers* v. *Donahue*, 85 Conn. 629; *Meyer* v. *Berlandi*, 53 Minn. 59.)

*George H. Porter* and *George W. Burleigh* for respondent. The parties to the contract intended to submit all disputes arising out of its performance to arbitration. (*Matter of Yeannakopoulos,* 195 App. Div. 261; *Matter of Silk Importing Co.,* 200 App. Div. 786; *Matter of Wilkins,* 169 N. Y. 494; *Matter of Burke,* 191 N. Y. 437; *Fudickar* v. *Guardian Mutual Life Ins. Co.,* 62 N. Y. 392; *Matter of Wheat Export Co.,* 185 App. Div. 723; *Itoh & Co.* v. *Boyer Oil Co.,* 198 App. Div. 881; *Matter of Lowenthal,* 199 App. Div. 39.)

CRANE, J. We agree with the appellant in the construction of the contract in question which is referred to as the " uniform contract " provided by the American Institute of Architects.

Article III of the contract provides for payment or allowance where alterations have been ordered.

Article VIII provides for reimbursement of all loss occasioned by delay.

Article XII provides for arbitration in case the owner and the contractor cannot agree upon the amount to be paid under articles III and VIII.

When the dispute between the plaintiff and the defendant in this case was submitted to arbitrators under this contract, there were only two items they could consider: (1) Payment for additional work or allowance for alterations under article III; (2) loss caused by delay. There was no jurisdiction under the terms of the contract over any other matters.

When the arbitrators had determined the amount due, if any, under either or both of these articles, the contractor would then have proceeded with the action at law which he had brought and prove any of the claims which he had arising under the contract, including the arbitration award, and the owner could counterclaim for any loss or defend for any reason not embraced or covered by the

arbitration. We, therefore, agree with the appellant that the item of $4,012.50 allowed to the owner for defective work discovered after the final certificate of the architect had been granted was not the subject-matter of arbitration under this contract, but was a matter to be litigated if the parties so desired in an action at law.

To reverse the Appellate Division, however, and award this sum to the contractor would amount to an adjudication that he was entitled to it. The owner could not sue to get it back as the subject-matter had already been passed upon by the arbitrators resulting in the courts awarding the amount to the contractor. The matter would thus have been adjudicated, whereas the arbitrators having had no jurisdiction over it whatever the question of defective work should have been left open for further litigation.

In the way in which this case was presented before the arbitrators, there can be only one conclusion. The contractor and owner were willing to submit all the matters in dispute under the contract to arbitration irrespective of articles III and VIII or else the contractor was willing to submit all his claims to arbitration while objecting to the determination of the owner's claims. When he presented all his claims to arbitration not confining himself to articles III and VIII, he opened up the whole matter and cannot now object because the owner also presented his claims. In other words, the method of procedure before the arbitration amounted to a waiver of the restrictions under the contract and gave the arbitrators jurisdiction to determine all matters in dispute.

The judgment appealed from must, therefore, be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment affirmed.