In the Matter of the Application of Exeter Manufacturing Company, Appellant, for an Order Directing That an Arbitration Be Had between the Said Exeter Manufacturing Company and Seth Marrus, Doing Business under the Trade Name and Style of Superior Duck Clothing Co., Respondent.

First Department, June 24, 1938.

*Max Gelles*, for the appellant.

*Leo Guzik* of counsel [*Zelig R. Nathanson* with him on the brief], for the respondent.

O'Malley, J. The question to be decided is whether, under the circumstances presented, a party may defeat a motion to compel arbitration by setting up the provisions of section 85 of the Personal Property Law (Statute of Frauds).

The petitioner, by nine transactions, sold to the respondent certain textiles of the value in each sale of more than fifty dollars. The sales were made by petitioner's salesmen personally or by tele-

phone and were confirmed by written standard forms of sales notes of the petitioner, mailed to the respondent. These sales notes were retained by the respondent without objection.

Thereafter, the petitioner charged respondent's account with the merchandise and mailed invoices therefor, informing the respondent that the goods were being held for shipping instructions. These invoices also were retained by respondent without objection. The respondent, however, did not sign or return copies to the petitioner.

On six of the transactions the respondent accepted delivery and paid the price. With respect to three other transactions, however, which are here directly concerned, the respondent failed and neglected to give shipping instructions or to pay the invoices on the due date. The petitioner asserts that respondent failed so to do because of a falling market.

The sales notes signed by petitioner, but not by respondent, contained a provision that any controversy arising under, or in relation to, the particular contract should be settled by arbitration. When the respondent refused to submit to arbitration, the present proceeding to compel him so to do was instituted.

Special Term denied the motion upon the ground that the agreements violated the Statute of Frauds and that arbitration would be academic, assuming that a contract to arbitrate existed.

In this jurisdiction arbitration is now governed by article 84 of the Civil Practice Act. By section 1448 thereof it is provided that parties may contract to settle by arbitration a future controversy and that this contract " shall be valid, enforceable and irrevocable, *save* upon such grounds as exist at law or in equity for revocation of any contract." (Italics ours.) Other exceptions are not here material. ·

The Statute of Frauds here involved is not a ground at law or in equity for the " revocation " of a contract; nor does it make a contract within its purview void, but merely unenforcible. It is a rule of evidence. This was true under the old statute which made such a contract void. (*Crane* v. *Powell*, 139 N. Y. 379.) Moreover, the statute merely provides that under certain circumstances a contract to sell or a sale of any goods shall not be enforcible *by action*.

On a motion to compel arbitration the only contract with which the court is directly concerned is, therefore, the " contract to settle by arbitration." It is as to that specific agreement that a preliminary issue as to its existence may be raised under section 1450 of the Civil Practice Act.

The provisions of section 1449 of the Civil Practice Act with respect to arbitration concerning future controversies merely require that the contract between the parties " be in writing." It is significant that in this same section there is a requirement with respect to a submission concerning existing controversies that the same shall be void unless " some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent."

In view, therefore, of the provisions of sections 1448 and 1449 of the Civil Practice Act, it would seem that the Statute of Frauds (Pers. Prop. Law, § 85) may not be pleaded in bar of the motion to compel arbitration if there is a contract in writing between the parties, though not signed by the party against whom arbitration is sought. Article 84 has its own peculiar and sole Statute of Frauds in section 1449 of the Civil Practice Act. All other questions are not the concern of the court but are for the arbitrators. (*Matter of Kelley*, 240 N. Y. 74, 78, 79.)

A party by receiving and retaining without objection under certain circumstances a written contract signed by the other party may be held bound by the terms of such writing, though he himself has not signed. (*Murray* v. *Cunard Steamship Co.*, 235 N. Y. 162, 167; *Matter of Japan Cotton Trading Co., Ltd.*, v. *Farber*, 233 App. Div. 354.) Under this rule the respondent here may be found to be bound on the contracts.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and a trial of preliminary issues fixed in the order to be entered hereon, the determination of the motion to compel arbitration to be held in abeyance until the coming in of the verdict on such issues, to be decided by the justice then presiding at the Special Term.

MARTIN, P. J., TOWNLEY and COHN, JJ., concur; CALLAHAN, J., dissents and votes to reverse and to remit the issue raised for a trial by jury.

CALLAHAN, J. (dissenting). The petition for arbitration presented to Special Term herein set forth that three agreements for the sale of textiles were entered into, copies of which were annexed to the petition. The copies annexed show that the documents were signed only by petitioner (the seller). They contain a provision for arbitration of any controversy arising thereunder.

Respondent's answer denies the material allegations of the petition. As a separate defense he alleges in the answer that the agreements which petitioner sought to enforce were void and unenforcible by reason of the provisions of the Statute of Frauds.

He alleges that the agreements were for the sale of goods of more than fifty dollars in value, and no memorandum thereof was signed by the person sought to be charged therewith. Upon these pleadings there was, at least, an issue presented as to whether an agreement to arbitrate existed, which issue was required to be tried pursuant to section 1450 of the Civil Practice Act. However, the court below received from petitioner a number of affidavits, labeled " reply affidavits," which purported to set forth facts showing that the respondent retained the unsigned contracts for a long period of time. It argues from the facts set forth in these affidavits (as if not controverted) that the Statute of Frauds is not available to the respondent.

Special Term treated the issue as one of law and decided that the Statute of Frauds applied, and denied the potition for arbitration on the ground that any such arbitration would be academic.

The majority opinion of this court continues to treat the issue as one of law, and concludes that the petitioner's motion should have been granted.

It seems to me that, under the circumstances, the proper procedure was to remit the issues raised on the petition and answer for trial. (Civ. Prac. Act, § 1450.) Affidavits were improperly received, and should not have been considered. If such affidavits are disregarded, there were issues both of fact and law raised by the denials and defenses which were substantial.

For the foregoing reasons I concur in reversal, but vote to order a trial by jury, pursuant to section 1450 of the Civil Practice Act, respondent having demanded a jury.

I dissent, however, from so much of the decision of this court as grants the motion to compel arbitration. I do so, not only upon the procedural grounds above stated, but because I disagree with the view expressed by the majority concerning the application of the Statute of Frauds.

The writings attached to the petition were unenforcible by action, by reason of the provisions of the Statute of Frauds (Pers. Prop. Law, § 85). That they contain a provision for arbitration should not make them enforcible in a proceeding for such relief. The retention of an unsigned contract does not overcome the defense of the Statute of Frauds. (1 Williston on Contracts [Rev. ed.], § 90A.)

The Arbitration Law was not intended to change the fundamental law with respect to contracts. Such law should be as applicable to an arbitration clause as to any other portion of a contract. (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15.) The Arbitration Law did not attach a new obligation to a sale already made. It

merely indicated a new method to enforce an existing obligation. (*Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261.)

We should not separate the provisions for arbitration from the remainder of the contract but consider the agreement as a whole in determining whether the Statute of Frauds applies.

Russell in his recent work on Arbitration and Award ([13th ed. by Edmund Cave and Ernest Wetton], pp. 301, 302), in construing the English Arbitration Act, said: " The agreement  *  *  * if it is within the Statute of Frauds, must be not only in writing, but also signed by the party to be charged therewith  *  *  * otherwise it is not enforceable by action, and if not so enforceable, a clause in it providing for the reference of disputes to arbitration, or an award on such a reference would seem to be equally unenforceable.  (See *Walters* v. *Morgan,* [1792], 2 Cox Ch. Cas. 369.) "

It is interesting to note that the English statute required only that the agreement of submission be a " written " one; nevertheless, it was the view of the text writers above mentioned that the submission must be signed by the party to be charged if the contract is one which a Statute of Frauds required to be so signed.

A similar view is expressed in Sturges on Commercial Arbitrations and Awards, section 71.

To say that our Legislature, in adopting section 1449 of the Civil Practice Act, intended to provide a new and sole Statute of Frauds for arbitration agreements, is to assume the legislative intention to repeal all other Statutes of Frauds that might be applicable to contracts containing arbitration provisions.  This assumption does not appear to me to be warranted.  Section 1449 relates to future and existing controversies.  A provision to arbitrate a future controversy is, of course, usually found only in connection with other contract provisions.  The language of the section recognizes this.  It, therefore, requires that any provision to arbitrate made in connection with such a contract must be in writing.  In other words, it excludes oral proof of agreements for arbitration.  It does not declare, nor should it be construed to mean, that the requirements of the Statute of Frauds found in other statutes, for a memorandum signed by the party to be charged, are repealed, if otherwise applicable to the contract.  To imply such repealer is to disregard the rule of statutory construction that statutes should be read together, when possible.

The second provision in section 1449, with respect to arbitration of existing controversies, refers to the form that an agreement of submission must take.  That the language of section 1449, with respect to such submission provides for a note or memorandum thereof in writing, signed by the party to be charged, merely means

that the Legislature adopted the language usually found in Statutes of Frauds, in defining the nature of the written evidence required to establish such agreements. To say that, because such language is used concerning the form of submission of existing controversies, an intention is indicated to replace the Statute of Frauds as to contracts containing clauses for arbitration of future controversies, is entirely conjectural and unwarranted.

Section 1448 of the Civil Practice Act should be construed to mean that, where an objection to the right of arbitration is asserted because the agreement containing the provision for arbitration is unenforcible under the Statute of Frauds, such objection should be determined pursuant to the provisions of section 1450 of the Civil Practice Act, and, if upheld, the arbitration should not proceed. A defense of the Statute of Frauds should be construed as one affording ground for the " revocation " of a contract within the meaning of that term as used in section 1448. Any other construction would permit arbitrators to enforce as a valid contract a writing which a court of law would have no power to enforce if the defense of the Statute of Frauds was asserted against it. As construed by the majority opinion, the arbitration statutes are not merely laws affording new procedural remedies, but become statutes which eliminate substantial defenses that have been available for centuries. The intention to repeal such ancient statutes should not be lightly implied.

The decision in *Crane* v. *Powell* (139 N. Y. 379) is to the effect that the defense of the Statute of Frauds was one that might be waived. There was no such waiver here. The unenforcibility of the contract was asserted as soon as arbitration was sought.

I vote to reverse the order appealed from and remit the issue raised by the answer for trial by jury.

Order reversed, with twenty dollars costs and disbursements, a trial of preliminary issues to be fixed in the order to be entered hereon, the determination of the motion to compel arbitration to be held in abeyance until the coming in of the verdict on such issues, to be decided by the justice then presiding at the Special Term.

Settle order on notice.