In the Matter of the Arbitration between EAGAR CONSTRUCTION CORPORATION, Respondent, and WARD FOUNDATION CORPORATION, Appellant.

First Department, November 4, 1938.

*Charles Howard Levitt* of counsel [*Thomas D. Scoble, Jr.,* with him on the brief; *Kent, Hazzard & Jaeger,* attorneys], for the appellant.

*Henry G. Littau,* for the respondent.

DORE, J. In July, 1937, petitioner, a contractor, and defendant, an owner, entered into a contract for the construction of a motion picture theatre at New Rochelle, N. Y., for the agreed price of $65,875. The contractor claimed $9,949.98 for extra work, labor and services performed, and extra materials furnished, and the sum of $6,587.50 for the retained percentage held by the owner; and

asked that the defendant be compelled to proceed to arbitration upon the claims. The order appealed from directed defendant to proceed " to the arbitration of all claims, demands, disputes and controversies arising under, out of, or in connection with, or relating to the work and extra work, labor and services performed by petitioner and extra materials furnished by it."

This construction contract was under the standard forms adopted by the American Institute of Architects, which specify that " the contract documents consist of the agreement, the general conditions of the contract, the drawings and specifications, including all modifications thereof incorporated in the documents before their execution. These form the contract." These instruments embraced in the contract documents must be considered in their entirety and construed as one contract; each provision, if possible, shall be given full force and effect. (*Wolkind* v. *Berman*, 232 App. Div. 47, 50.)

By the contract documents, the matters subject to arbitration are specifically limited and there are no provisions whatever in any portion thereof which permit the court to direct *all* controversies arising under the contract to be arbitrated as required by the order now appealed from.

Article 16 of the general conditions covers only claims for extra cost for changes in work within the contract, and requires a written order. Compensation for extra work, labor and materials furnished is not arbitrable under the contract documents unless furnished under the written order of the architect or of the owner except, as provided in article 12 of the general conditions, " in an emergency affecting the safety of life or of the work or of adjoining property." Article 12 provides: " In an emergency affecting the safety of life or of the work or of adjoining property, the Contractor, without special instruction or authorization from the Architect or Owner, is hereby permitted to act, at his discretion, to prevent such threatened loss or injury, and he shall so act, without appeal, if so instructed or authorized. Any compensation, claimed by the Contractor on account of emergency work, shall be determined by agreement or Arbitration."

The petition herein makes no mention of any emergency. The only reference that the work for which compensation is now sought was done in such " emergency " is contained in a letter of petitioner, dated April 12, 1938, stating: " The majority of the items are for emergencies covered under article 12 of the specifications and as such it is not required to have written authorization."

The character and nature of the work, the time and place when performed, the basic facts from which an " emergency " within the

provisions of article 12, could be inferred or found are nowhere in the record. The bare unverified conclusory assertion of an emergency is wholly inadequate. Facts must be stated. No facts are presented establishing or tending to establish the contractor's right to claimed compensation because of an " emergency " within the contract provisions.

In defendant's return it is alleged that subcontractors were unpaid and mechanics' liens filed and undischarged; and that under the terms of the contract the owner has retained certain agreed percentages. On this issue, also, arbitration is directed, although there is no provision in the contract for arbitration regarding retained percentages.

The Special Term also relied on article XII of the " agreement " annexed to the petition, which provides that if the owner and contractor fail to agree in relation to " matters of payment, allowance of loss referred to in Article III," or should either dissent from the written and filed decision of the architect referred to in article VII, the matter shall go to arbitration. This clause contained in the " uniform contract " provided by the American Institute of Architects has been judicially construed and so far as here relevant it has been held that article XII provides for arbitration in case the owner and contractor cannot agree upon the amount to be paid under article III which makes arbitrable " the amount to be paid * * * or allowed " for alterations made upon the written order of the architect. (*Matter of Priore* v. *Schermerhorn*, 237 N. Y. 16, 17; *Matter of 251 West 30th Street Corp.* v. *Elias & Co., Inc.*, 228 App. Div. 616.) These are the limited " matters of payment " referred to and they clearly do not embrace any and all matters of payment that may be in dispute.

Article VII makes arbitrable the sole question of whether or not the architect by his decision has properly extended the time of completion of the contract in proportion to the cause of delay.

There was no justification to require abitration under the terms of the agreement over the matters herein involved. No one is under a duty to arbitrate unless by clear language he has agreed to do so; the contract must be to arbitrate the precise matters as to which arbitration is sought; and on this depends both the jurisdiction of the arbitrator and the power of the court. (*Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130, 132; *Matter of Kelley*, 240 id. 74, 78.) Controversies which the parties have not agreed to arbitrate are to be submitted to and disposed of by the established judicial tribunals.

In addition, this petitioner has failed to comply with the express provisions of the contract on which it relies to compel defendant

to arbitrate. Article 40 of the general conditions provides that no one shall be nominated to act as an arbitrator who is in any way financially interested " in the business affairs of either the owner, contractor or architect." Nevertheless the petitioner's proposed arbitrator was the contractor's general construction superintendent on the building. Article 40 also provides that if arbitrators are not selected by either party, they shall be named by the presiding officer of the Bar Association nearest the work, which in this case was the New Rochelle Bar Association. No proof is offered that such presiding officer was requested to act regarding any arbitration between the parties.

The order appealed from should be reversed and the petition dismissed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order unanimously reversed with twenty dollars costs and disbursements, and the petition dismissed.