In the Matter of the Arbitration between AIREDALE WORSTED MILLS, INC., Petitioner, and BONNIE CLASSICS, INC., Respondent.

Supreme Court, Special Term, New York County, May 11, 1950.

*Stanley H. Schindler* and *John M. Rochford* for petitioner.

*J. Sidney Levine* for respondent.

STEUER, J. The application is to stay a proposed arbitration on the ground that no contract calling for arbitration exists between the parties. It appears that there were some negotiations between the parties regarding the sale of fifty pieces of worsted piece goods by the petitioner to the respondent. The details and outcome of these negotiations are in dispute between the parties. But it is clear that the petitioner prepared a written contract in an order form which it sent to respondent. The order form provides that it is not to become a contract until accepted by the petitioner (seller). This document was retained by the respondent and subsequently two shipments, consisting of two pieces each, were shipped by the petitioner and retained and paid for by respondent. An additional larger shipment was refused. Although there is no explanation by affidavit on the part of respondent on the oral agreement, it was asserted that the shipments made and accepted were in the nature of test

or sample merchandise and that although a longer quantity was delivered than respondent had agreed to accept for this purpose, it was retained and paid for to avoid any issue. While these facts are not proved, the oral statement may be taken as respondent's contention.

The question is whether the contract form, not being signed, is binding on respondent to the extent of requiring it to submit to arbitration. The precise point was decided by the Appellate Division in this department in a closely contested case. By a divided court it was held that the order constituted a binding agreement, the reasoning of the majority being that article 84 of the Civil Practice Act governing arbitration has its own Statute of Frauds, which requires a writing but no signature of the party sought to be charged (*Matter of Exeter Mfg. Co.* [*Marrus*], 254 App. Div. 496). Subsequent thereto a related question came before the Court of Appeals (*Matter of Huxley* [*Reiss & Bernhard*], 294 N. Y. 146), wherein the effect of bought and sold notes issued and signed by a broker was considered. It was held that a provision for arbitration in such notes is binding — not because such an agreement does not require a signature but because the broker is the agent for both parties and his signature is sufficient. The proposition decided in the *Exeter* case was urged upon the court but ignored unless it was rejected without reference in disposing of an additional issue. It was claimed that the contract to arbitrate was nullified by the subsequent documents sent by the seller to the buyer. The court held that they could not have that effect because they were not signed by the buyer. It would, therefore, seem that the principle that the arbitration sections carry their own peculiar Statute of Frauds is not universally recognized as law, and that the law is as stated in the dissenting opinion of CALLAHAN, J., in the *Exeter* case. Motion is granted.