In the Matter of the Arbitration between LAYTON-BLUMENTHAL, INC., Respondent, and JACK WASSERMAN Co., INC., Appellant.

First Department, April 22, 1952.

*Melvin A. Albert* of counsel (*Allan D. Emil,* attorney), for appellant.

*Sigmund Moses* of counsel (*Stephen L. Hoffman,* attorney), for respondent.

*Per Curiam.* The burden is upon a party applying to compel another to arbitrate, to establish that there was a plain intent by agreement to limit the parties to that method of deciding disputes. " No one is under a duty to resort to arbitration unless by clear language he has so agreed " (*Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132). In this case, respondent-appellant bought the goods under spot orders placed with petitioner verbally and entered on its forms. These orders were produced and contained no arbitration clause. Petitioner claims that before delivery of the goods was made it prepared and handed to respondent-appellant formal contracts containing an arbitration clause, which respondent-appellant promised to sign and return. The goods were delivered, however, without these contracts being signed or returned. Respondent-

appellant contends that no such contracts were submitted for its consideration until after the goods had been delivered and a dispute had arisen as to the quality of the goods, and it then refused to sign the contracts.

We think that petitioner did not sustain the burden of establishing the existence of a substantial issue entitling petitioner to a trial of the making of a contract containing an arbitration clause as required by section 1450 of the Civil Practice Act.

The order appealed from should be reversed, with $20 costs and printing disbursements, the motion denied, and the petition dismissed.

PECK, P. J., GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and printing disbursements to the appellant, the motion denied and the petition dismissed. Settle order on notice.