In the Matter of the Arbitration between Pavia & Co., Inc., Appellant, and Fulton County Silk Mills, Respondent.

First Department, June 15, 1954.

*Michael P. Bazell* of counsel (*Baker, Obermier & Rosner,* attorneys), for appellant.

*Horace S. Manges* of counsel (*Milton Haselkorn* with him on the brief; *Arthur C. Aulisi,* attorney), for respondent.

*Per Curiam.* .The parties effected a sale of goods by telephone on September 14, 1953. Petitioner, the seller, asserts that its standard form of contract containing an arbitration clause was then mailed to respondent, the buyer. The form stated that it was in confirmation of sale made by telephone, provided for acceptance by signature of the buyer, and further provided that " Unless this contract is returned by the Buyer duly signed by the Buyer by return air mail, Seller shall have the option to cancel this contract." Respondent never signed or returned the form of contract and denies ever having received it. The goods were invoiced on September 21, 1953, and payment made. Later complaint as to the quality of the goods resulted in suit.

Petitioner has sought to stay the court action and to compel arbitration. Special Term denied the motion to compel arbitration, stating that the so-called contract containing the arbitration clause " was never signed by respondent and hence is not binding on it ". It is conceded that the agreement was never signed, but petitioner claims, nevertheless, that a triable issue as to the making of the contract is raised by its affidavit of

mailing against respondent's affidavit of denial of receipt. The contention is that if the court after trial believed that the contract form had been received by respondent, its mere retention of the form without remonstrance would be assent to the terms

We would agree that the absence of a signed acceptance is not conclusive and that the making of a contract to arbitrate, satisfying the requirements of section 1449 of the Civil Practice Act, might be established by showing a mutual adoption of a written agreement to arbitrate without the affixing of signatures to the document. There would have to be a clear showing, however, of such an understanding.

Here we find that the arrangements of sale were made without any reference to arbitration. The form containing the arbitration clause was only by way of confirmation and contemplated a signed acceptance as the mode of assent. After waiting for a longer time than that required for the requested return of the signed copy, petitioner made shipment of the goods without either insisting upon receiving back the contract form or inquiring as to respondent's inattention or intention. There would be no warrant for a finding in these circumstances that the parties had entered into a contract to arbitrate and petitioner has failed to sustain the burden of establishing the existence of a substantial issue as to the making of such a contract. (*Matter of Layton-Blumenthal* [*Wasserman Co.*], 280 App. Div. 135.)

The order appealed from should be affirmed, with costs to respondent.

BREITEL, J. (dissenting). Petitioner, by his affidavits, made out a substantial issue requiring trial. The questions are whether the contract form was received and retained without objection by the respondent and became a binding contract. If the contract form had a valid inception, there was a valid written agreement to submit to arbitration any disputes that might arise.

On September 14, 1953, petitioner, the seller, and respondent, the buyer, had a telephone conversation in which the buyer ordered a quantity of merchandise. It is significant that the telephone call occurred between a point in Fulton County and New York City. It is significant because it explains why there would be no immediate contemporaneous writing to evidence the sales agreement, customary in the textile trade, and necessary, should the question arise, to satisfy the requirements of the Statute of Frauds. While the Statute of Frauds is not involved

here, it is obvious that experienced and judicious business men conduct their affairs with reference to the statute when it is applicable.

On the same date as the telephone conversation the seller avers that it sent its contract order form by mail, confirming the sale to the buyer. It contained a broad arbitration clause. It also provided: " Unless this contract is returned by the Buyer duly signed by the Buyer by return air mail, Seller shall have the option to cancel this contract."

The contract form was never returned to the seller. The buyer denies, perfunctorily and without supporting affidavits, that it received the contract form. The seller never cancelled the contract.

On September 21, 1953, an invoice for the merchandise was sent by the seller to the buyer indicating that the cash price was payable on notification from O. Heineman Corp. of Chicago, Ill., of arrival of the merchandise for processing on behalf of the buyer. Under date of September 28, 1953, the seller notified the buyer of receipt of notification from O. Heineman Corp., and requested payment. Payment was made.

The merchandise was received by the buyer from the processor, O. Heineman Corp., on November 19, 1953, after which time the buyer claims it observed the imperfections in the merchandise, for which it brought the action to recover for breach of warranty.

During all this time the contract order form, the only writing purporting to evidence the agreement of sale, assuming that it was received, was retained by the buyer without signed acceptance or rejection. This, it is submitted, does not constitute an acceptance of the contract order form as a matter of law, but most certainly raises an issue of fact whether under all the circumstances, the buyer received and had obligated itself on the written contract form. (*Matter of Exeter Mfg. Co.* v. *Marrus,* 254 App. Div. 496; *Steinberg* v. *Goldstein,* 116 N. Y. S. 2d 6.) It has been held otherwise, of course, where the seller instead of returning the buyer's form, sent its own (*Matter of Albrecht Chem. Co. [Anderson Trading Corp.],* 298 N. Y. 437) ; or where there was a signed order initiating the sale and the written contract form was sent by the seller thereafter (*Matter of Layton-Blumenthal [Wasserman Co.],* 280 App. Div. 135). These contrary determinations turn on the fact that writings were already extant between the parties evidencing the sales, and there was " no duty to speak." Thus, in the *Albrecht* case,

Judge FULD stated: " In the present case, there is no basis for finding that the seller had a duty to speak out and reject the arbitration clause in the buyer's purchase order. Those orders were not issued by an agent acting for both parties; and obviously the seller's silence could not have been misleading. Indeed, on each occasion, instead of heeding the direction to ' SIGN AND RETURN ' the order, the seller dispatched its own memorandum." (298 N. Y. 437, 441.)

In this case, assuming that the written contract form was received, the parties acted under it, the merchandise was shipped to the processor, its shipment was invoiced, and the buyer paid for the merchandise. More than two months later does the dispute first arise. Then for the first time is the seller to become aware that it is protected by no written agreement, prepared or signed by either party. Its contract form, although customary in the trade, even to the arbitration clause, is of no effect.

The majority is in effect holding that a seller, after an oral order, particularly one effected by long-distance telephone, may not rely on the written order form it sends in confirmation, even if the buyer receives it and retains it without objection. A seller who shipped merchandise under those circumstances might be unable to enforce the sale agreement itself, or the various and customary provisions contained in the written form thus retained without objection. That is not the law (*Newburger* v. *American Sur. Co.,* 242 N. Y. 134, 143; *Matter of Exeter Mfg. Co.* v. *Marrus, supra,* p. 498). Nor does it accord with commercial practice or commercial needs.

It may well be that a court or jury might find that in the instant case the buyer did not receive, or if it did receive, it was not obligated to reject seller's contract order form, in order to put the seller on notice that there was no written agreement covering the sale. But the point is that there is a triable issue presented, and this proceeding may not be determined summarily (Civ. Prac. Act, § 1450).

The order denying the motion to compel arbitration and to stay the action brought by the buyer should be reversed, and the matter remitted for a trial of the issue of the making of the agreement to arbitrate.

PECK, P. J., DORE, CALLAHAN and BERGAN, JJ., concur in *Per Curiam* opinion; BREITEL, J., dissents in opinion.

Order affirmed, with $20 costs and disbursements to the respondent.