Edward G-. Baker, J.
Defendant moves to stay all proceedings in this action pending arbitration. The action was commenced to recover damages for breach of contract. The complaint alleges, in substance, that defendant is engaged in the business of publishing certain newspapers in Queens County and in Long Island; that the parties entered into a written contract wherein it was agreed that plaintiff should have, for a specified period, and within a designated territory, the *355 exclusive right to sell and distribute, by carrier boys, the newspapers published by defendant, which were to be sold to plaintiff at a specified price; that plaintiff has performed the conditions of the agreement on his part; that defendant breached the agreement by failing and refusing to sell or deliver to plaintiff the newspapers for sale or distribution by plaintiff in said territory, to plaintiff’s damage.
The contract referred to provided, inter alia, as follows: “ 10. Any dispute, of law or fact, concerning the interpretation of the terms of this agreement, which is not adjusted by negotiation between the parties, shall be submitted to arbitration before Mr. Leonard A. Pisciotta or his successor for the “ News Dealer ” and Mr. William F. Bennett or his successor, for the “ Newspaper ”. If such arbitrators fail to agree, they may select a third arbitrator but in case they cannot agree upon a third arbitrator, then either party may apply on two days’ notice, in writing, to the Judge of the County Court of Queens County, for the appointment of a third arbitrator. The decision of a majority of said three arbitrators shall be final and binding on both parties, and the costs of said arbitration shall be divided equally”. (Emphasis supplied.)
Prior to the commencement of this action disputes arose between the parties with respect to alleged failure to perform the conditions of the contract on the part of each to be performed. On October 11, 1957, defendant wrote to plaintiff demanding that there be submitted to arbitration pursuant to the agreement the questions “ (a) Whether you have by your acts of omission and commission breached the agreement between us” and “ (b) Whether by reason of the foregoing, the said agreement may be cancelled and terminated by us ”. In reply to this letter, ■ plaintiff suggested that an effort be made to adjust the disputes between the parties by negotiation. This suggestion was rejected by defendant who demanded that the parties meet to select a third arbitrator. Thereafter, at the request of the parties, Judge Fabbell of the County Court, Queens County appointed a third arbitrator. At a meeting held in the latter’s office a question was raised with respect to the composition of the arbitration panel since it included parties to the agreement. Thereafter, plaintiff moved at Special Term to stay the arbitration, to vacate or modify all notices of arbitration ¡theretofore served, or, in the alternative, for the appointment of a single arbitrator to hear and determine all disputes properly arbitrable under the agreement. The application was denied, and, on appeal to the Appellate Divi *356 sion, the order of Special Term was modified to the extent of providing that the arbitration proceed before the appointee of a Judge of the County Court of Queens County as sole arbitrator, and as so modified affirmed. (Matter of Pisciotta [Newspaper Enterprises, 5 A D 2d 1014.) In its opinion, after holding that a party to a contract is ineligible to act as an arbitrator to decide disputes under it, the court said, inter alia, ‘ ‘ In the circumstances, the provision that the parties serve as arbitrators may be excised and arbitration may proceed before a single arbitrator of ‘ Any dispute, of law or fact, concerning the interpretation of the terms of this agreement ’ as provided in the contract ” (emphasis supplied). Plaintiff thereupon appealed to the Court of Appeals and applied to a Judge of that court for a stay pending appeal. Shortly thereafter, and prior to any decision on this application for a stay, defendant notified plaintiff that the contract was terminated and cancelled. This action was then commenced.
The scope of the agreement to arbitrate is a question of intent. Here, the language is explicit and the intent clear.
It seems obvious to this court that the arbitration clause quoted above encompasses and was intended to encompass only those disputes of law or fact arising between the parties concerning “ the interpretation of the terms of this agreement ”. There was no intent to clothe the arbitrators with power to determine, after the event, the question of right in one party or the other, to terminate the contract or to sue for breach thereof. No such intent was expressed, and, in this court’s view, it cannot be said that such an intent is implicit in the quoted provision of the contract. On the contrary, it appears that the obvious purpose of the clause was to provide for the resolution by the parties themselves, or failing that, by the arbitrators, of disputes between them with respect to their rights and obligations under the contract; or, put another way, with respect to their interpretation of its terms. Thus, the contract would be kept alive and the parties guided by the decision of the arbitrators with respect to their rights and obligations under it.
The matters upon which arbitration was requested or demanded by defendant in its letter of October 11 were not matters arbitrable under the quoted provision of the contract, and there was no duty upon plaintiff to comply with the demand, except as indicated by the appellate court.
The language of the opinion of Mr. Justice Does, writing for the unanimous court in Matter of Eagar Constr. Corp. v. *357 Ward Foundation Corp. (255 App. Div. 291, 292, 293) appears apposite. The Justice wrote:
“ By the contract documents, the matters subject to arbitration are specifically limited and there are no provisions whatever in any portion thereof which permit the court to direct all controversies arising under the contract to be arbitrated ”.
“ There was no justification to require arbitration under the terms of the agreement over the matters herein involved. No one is under a duty to arbitrate unless by clear language he has agreed to do so; the contract must be to arbitrate the precise matters as to which arbitration is sought; and on this depends both the jurisdiction of the arbitrator and the power of the court. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132; Matter of Kelley, 240 id. 74, 78.”) (And see Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 298-300.)
There is nothing in the opinion of the Appellate Division on the appeal from the order which denied plaintiff’s applicartion for a stay of arbitration (Matter of Pisciotta [Newspaper Enterprises], 5 A D 2d 1014, supra) at war with the conclusion here reached. The court there held that the arbitration should proceed before a single arbitrator with respect to “ Any dispute, of law or fact, concerning the interpretation of the terms of this agreement ” (emphasis supplied). It was not held that any and all controversies growing out of the contract, must be submitted to arbitration.
In any event, subsequent to the decision of the Appellate Division defendant notified plaintiff that delivery to him of newspapers would be discontinued, and that the contract was terminated and cancelled. As stated above, the plain purpose of the arbitration clause was to provide a method by which certain disputes between the parties should be composed and their obligations under the contract defined so that an unintentional breach by either might be avoided. The design was to preserve the contract. It was not the parties’ intent to submit to arbitration the right of one or the other to bring it to an end. Their purpose and intent were frustrated by defendant’s unilateral termination of the contract in advance of arbitration. By its act defendant waived any right it had to arbitrate the matters in dispute relating to interpretation of the contract terms. (See, e.g., Matter of Young v. Crescent Development Co., 240 N. Y. 244, 248.)