In the Matter of the Arbitration between BRODNAX MILLS INC., Appellant, and NEISLER MILLS DIVISION OF MASSACHUSETTS MOHAIR PLUSH CO., INC., Respondent.

First Department, February 3, 1959.

*Donald L. Kreindler* of counsel (*Edwin M. Otterbourg, Aaron Rosen* and *Melvin Liebowitz* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for appellant.

*Robert Levine* of counsel (*Frederick E. M. Ballon* with him on the brief; *Frederick E. M. Ballon,* attorney), for respondent.

*Per Curiam.* A dispute has arisen over the quality of 31,000 pounds of yarn delivered by respondent to petitioner under eight contracts which, by agreement of the parties, are each subject to arbitration.

The petitioner's notice to arbitrate was first based on four of the contracts and then amended to embrace six; but in the arbitration proceeding itself all eight contracts are claimed by petitioner to have been submitted for decision and the award to petitioner of $7,474.75 was based on a consideration of the whole series involving 31,000 pounds.

There is adequate proof in the record that the respondent did not object to the consideration by the arbitrators of the full series and of the quality of total poundage (cf. *Matter of Priore* v. *Schermerhorn,* 237 N. Y. 16).

Upon the argument of the appeal respondent's submission of the whole series of eight contracts and of the 31,000 pounds to the arbitrators has been further demonstrated. Petitioner's affidavit before the Special Term showed that the " statement " submitted by the respondent to the arbitrators in its argument addressed to them described the entire series of contracts and the total of 31,000 pounds as being involved; but respondent's brief in this court asserts this quotation was merely descriptive of the contracts and was " literally ripped from context " of the statement.

The original statement presented by respondent to the arbitrators is before us and it may be read as treating the entire

31,000 pounds as within the area of controversy before the arbitrators.

For example, it states that "The arbitrators must note that the real claim involves only 10,536 pounds of yarn out of a total of 31,262 pounds". Whether this was the "real claim" or not and the extent to which the total poundage was involved were questions for the arbitrators, since by contract the whole series was arbitrable if in dispute.

There are several references to "the" yarn which must be deemed to embrace all of it. On arguing the question of excessiveness of the claim for damage as actually presented ($20,000), the respondent argued before the arbitrators on the whole series of eight contracts for 31,000 pounds that the amount "far exceeds the limitations of damages which may be awarded", i.e.: "If every pound of yarn delivered by Neisler (respondent) was absolutely worthless, damages under the contracts would only approximate $20,000."

All this seems to add strength to the proof in the record there was a full submission of the controversy.

The order denying petitioner's motion to confirm the award should be reversed on the law and the facts and the motion to confirm granted, with costs.

RABIN, J. P., FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order denying petitioner's motion to confirm the award unanimously reversed on the law and on the facts, and the motion to confirm granted, with costs.

Settle order on notice.