# (March 25, 1982)

■ MARBEN REALTY Co., Appellant, v JOHN J. SWEENEY, as President of Local 32B-32J, SEIU, AFL-CIO, Respondent. — Order, Supreme Court, New York County (Shorter, J.), entered May 5, 1981, which denied petitioner-appellant's ("Marben") motion to punish respondent ("Union") for contempt and to stay a "second" notice of arbitration and vacate same, modified, on the law, to the extent of granting the stay of arbitration, and otherwise affirmed, without costs. Marben discharged its employee, the superintendent of the subject building. The Union, claiming wrongful discharge, served notice of intention to arbitrate upon Marben, as employer, and notice of hearing was issued by the contract arbitrator. Marben moved to stay arbitration (CPLR 7503, subd [c]) on the ground that no valid agreement to arbitrate existed between the parties. Special Term granted the application, as "[r]espondent has failed to substantiate its allegation that there is a valid written agreement to arbitrate. No copy of the agreement accompanies respondent's papers". The Union sent a second notice to arbitrate to one Benjamin Gruss, a partner in Marben, individually, as the employer, and to David Eisenstein, as agent. On March 19, 1981, the Union served a motion for leave to renew the original motion to stay arbitration, returnable March 30, 1981. On March 20, 1981, Marben obtained an order to show cause, returnable March 25, 1981, seeking to adjudge the Union in contempt for its failure to obey a prior stay of arbitration. The Union claimed that, subsequent to the first motion for a stay, it had contacted the "RAB" (the Real Estate Advisory Board on Labor Relations, Inc., a multiemployer bargaining association of the building service industry) and was advised that an "assent list" to the multiemployer apartment building agreement, covering the building in question, contained the names of Eisenstein as agent and Gruss as owner, without reference to Marben. The Union had then issued a new notice of intention to arbitrate, in the name of those individuals. The Union submitted "proof" of Marben's and/or Gruss' and Eisenstein's membership in RAB and assent to the contract is a bare list of real estate managers and buildings, without recital or evidentiary support of any kind as to actual membership in the association and consent to be bound. Marben contended that it was not a signatory to the current bargaining agreement between the RAB and the Union, although it had been a signatory to a prior

expired agreement. It claimed to have a collective bargaining agreement covering this former employee with Local 377, a different union. It submitted bills and checks for dues, pension and welfare funds with Local 377. Special Term denied the motion to punish for contempt and to stay arbitration, concluding that "[r]espondent has demonstrated the existence of an agreement (Ex D [the list]) which is the basis for arbitration between the parties listed in the latest Notice of Intention to Arbitrate". The record contains no reference to the disposition of the prior motion to renew, but we take judicial notice that the same court subsequently determined that motion to have become moot by reason of the order in the contempt motion. A threshold question to be determined by a court before compelling or staying arbitration is whether a valid agreement was made (CPLR 7503; see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7503:1). Only persons who expressly agree to arbitrate can be compelled to do so (*Matter of Brookfield Clothes v Tandler Textiles,* 78 AD2d 841, 842, citing *Matter of Marlene Inds. Corp. [Carnac Textiles],* 45 NY2d 327, and *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1). The burden of proof is on the party seeking arbitration (*Matter of Layton-Blumenthal [Wasserman Co.],* 280 App Div 135; *Matter of Milton L. Ehrlich, Inc. [Unit Frame & Floor Corp.],* 5 AD2d 272, 274). The Union did not sustain its burden of proving the validity of this agreement. It failed (by its submission of a bare list in the face of petitioner's evidence) to establish facts sufficient to justify a direction to the parties to proceed to arbitration, or to establish the existence of a substantial question entitling it to a trial of the issue. Concur — Murphy, P. J., Kupferman, Ross, Carro and Milonas, JJ.