In the Matter of the Arbitration between ELORA REALTY, INC., Appellant, and WILLIAM SAVAGE, INC., Respondent.

Argued May 25, 1953; decided July 14, 1953.

*Samuel Lawrence Brennglass, Lloyd L. Rosenthal* and *Arthur Karger* for appellant.

*Samuel Feldman* for respondent.

*Per Curiam.* It is unnecessary to decide whether or not article 40 is a general arbitration clause since the dispute in this instance is as to a matter which, by article 39, is specifically made subject to arbitration by way of appeal from a decision of the architect. Although respondent's demand for arbitration was, under article 39, premature since served before the architect had rendered a decision, that irregularity should not destroy respondent's rights to have the dispute arbitrated now that the architect, as shown by the record here, has issued his certifications in writing that respondent has breached the contract and that nothing is due respondent thereon.

The order should be affirmed, with costs.

FROESSEL, J. (dissenting). This is a motion to stay an arbitration, allegedly brought in violation of the provisions of the building contract between the parties.

Article 40 of the contract, under which the demand for arbitration was purportedly made, may not be construed as a general arbitration provision, since it is plainly intended only to relate to the *procedure* to be applied to " disputes, claims or questions subject to arbitration under this contract " and does not in itself render any or all disputes subject to arbitration.

It is true that under other provisions of the contract, contained in articles 38 and 39 thereof, the architect is made " in the first instance, the interpreter of the conditions of the Contract and the judge of its performance ", and all his decisions, except in matters relating to artistic effect, " are subject to arbitration." Those articles, however, require as a condition precedent to any demand for arbitration that the dispute shall have been first submitted to the architect for decision. The demand for arbitration herein was concededly made at a time when that precondition had not been satisfied; hence it was

unavailing. That an architect's certificate was thereafter issued cannot make good the previous ineffectual demand. If it could, then a party would have at hand a ready means to evade the time limitations agreed upon and set them at naught simply by serving a demand for arbitration as soon as a dispute became apparent and without regard to the conditions precedent also agreed upon. The last paragraph of article 39 therefore has no application to this case.

Arbitration is a contractual arrangement and the conditions agreed upon between the parties with respect thereto must be observed (*Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36).

The order appealed from should be reversed, with costs, and a stay of arbitration granted.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; FROESSEL, J., dissents in opinion in which FULD, J., concurs.

Order affirmed.