Vincent A. Lupiano, J.
This is a motion to compel arbitration and to stay the law action between the parties. No requirement for arbitration nor reference to arbitration was in any wise contained in any of the written or printed matter which was the subject of the subcontract between the parties.
A provision for arbitration may not be implied nor may it be incorporated by a reference to an extrinsic document which is neither exhibited nor attached to the contract itself. (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288; Matter of General Silk Importing Co. [Gerseta Corp.], 198 App. Div. 16; Matter of Sheldon & Co., 138 N. Y. S. 2d 720; Matter of Lehman v. Ostrovsky, 264 N. Y. 130; Weiner v. Mercury Artists Corp., 284 App. Div. 108.) Moreover, in order for arbitration to be compelled, the underlying agreement must provide for arbitration in the State of New York. The “ disputes ” clause on which petitioner relies for its claim to compel arbitration neither calls for arbitration, nor does it call for the dispute to be determined in the State of New York. The demand for arbitration calls for submission and determination of the dispute by a “ Mr. I. Shakin, Administrative Contracting Officer, Newark Air Procurement District”, who is located in Newark, New Jersey. This violates section 1450 of the Civil Practice Act which provides that a petition to compel arbitration may be made with respect to ‘ ‘ The making of a contract or submission for arbitration described in section fourteen hundred forty-eight, providing for arbitration in this state” (emphasis mine).
In view of the foregoing, the relationship of the parties herein and lack of privity of contract between respondent and the United States Government in its contract with petitioner, the motion to compel arbitration and to stay the law action is in all respects denied.