James D. Hopkins, J.
The petitioner, the general contractor under a contract for the construction of a public library in the City of Yonkers, New York, applies for a stay of arbitration initiated by the respondent, a subcontractor engaged by agree *622 ments with the petitioner to perform excavation and site work connected with the construction of the library. The demand for arbitration served by the respondent specifies claims for balances due under the subcontracts, for extra work and breaches of the subcontracts, and for field and home office overhead due to job dislocation and delays, amounting in all to the sum of $554,505.42. It is the contention of the petitioner that arbitration for these claims is not provided by the subcontracts, and that certain conditions precedent to arbitration have not been observed by the respondent.
These contentions entail the always difficult question of the interpretation of clauses incorporated by reference relating to the arbitration of the claims presented (cf. Sturges, Commercial Arbitration and Awards, § 30, pp. 97-103). For the purposes of discussion, the two subcontracts will be treated as one, as both contain similar provisions. The subcontract provides that the respondent is bound to the petitioner by the terms of the prime contract, including the general conditions, bulletins, and plans and specifications. The specifications provide that a subcontractor shall make all claims for extras, extensions of time and damages for delays or otherwise to the general contractor as stated for like claims to be made by the general contractor upon the owner, except that the time for making claims for extra cost is one week. The specifications provide that claims for extra cost shall be made by the general contractor within a reasonable time, and that justified delays in the progress of the work shall result in extensions of time for the completion of the work for such reasonable time as the architect may decide. The specifications further provide that “ [I]n the matter of arbitration, their [the general contractor and subcontractor] rights and obligations and all procedure shall be analogous to those set forth in this Contract; provided, however, that a decision by the Architect shall not be a condition precedent to arbitration.”
There is no general arbitration clause in the specifications. They provide that 11 disputes, claims or questions subject to arbitration” are to be submitted to the American Arbitration Association. The subcontract contains no general arbitration clause. The respondent’s right to arbitration, accordingly, depends on the following clause in the specifications: ‘1 Should either party of this contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and *623 not later than final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall he adjusted by agreement or arbitration. ’ ’
Where several documents compose the contract of the parties, the provisions of each must be given effect, if possible (Matter of Eagar Constr. Corp. v. Ward Foundation Corp., 255 App. Div. 291, 292). Here it is plain that the decision of the architect is not mandatory before arbitration is demanded by a subcontractor, for the specifications so provide. The rest of the petitioner’s contention lies accordingly in whether the arbitration clause quoted embraces the claims of the respondent.
The arbitration clause is limited in its scope (cf. 6 Williston, Contracts [Rev. ed.], § 1924, pp. 5383-5384). The burden lies on the party seeking arbitration to demonstrate a clear intent in the contract for arbitration (Matter of Milton L. Ehrlich, Inc. v. Unit Frame & Floor Corp., 5 A D 2d 272). The substitution of the arbitral process for the traditional judicial action is not achieved save through explicit language: it is not implied or extended by construction (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 289; Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132; Matter of Emerson Radio & Phonograph Corp., 12 Misc 2d 1000).
We must measure the claims asserted, therefore, by the express words of the arbitration clause to determine whether arbitration as sought by the respondent is sanctioned. The petitioner urges that the clause embraces tort claims alone; it points to the use of the word “ wrongful.” We do not so read the clause. “ A breach of contract may, in a qualified sense, be considered a wrong.” (Austin v. Rawdon, 44 N. Y. 63, 69; see, also, Daurizio v. Merchants Desp. Transp. Co., 152 Misc. 716, 722.) Thus, those claims advanced for extra work and breaches of the subcontracts, and for job dislocation and delays, fall within the purview of the clause.
The claims for balances due under the subcontracts must be considered to the contrary. A failure to pay money when due may be a breach of contract (5 Williston, Contracts [Rev. ed.], § 1289, pp. 367^3675). Here, however, the tenor of the clause, when read as a whole, signifies that the 1 ‘ damages ’ ’ described were not intended to include money due and unpaid, for it specifies that written claim must be made ‘1 within a reasonable time of the first observance of such damage and not later than final payment Assuredly, the limitation of “ final payment ” has little significance, if neglect to pay a balance due were intended.
*624 The petitioner’s application is granted, accordingly, to the extent that arbitration is demanded with respect to the claims for balances due under the subcontracts. Submit order on notice.