■ In the Matter of the Arbitration between Dana Realty Corp., Appellant, and Consolidated Electric Construction Co., Inc., Respondent.— Orders, entered on February 20, 1964, denying application for stay of arbitration and granting motion to dismiss petition for stay of arbitration, unanimously reversed, on the law, with $20 costs and disbursements, and motion to stay arbitration granted, with $10 costs. While it is clear that the provisions of

the "General Conditions of the Contract", incorporated into and made a part of the contract between the petitioner and respondent, are binding upon the petitioner, the provisions therein for arbitration of certain disputes do not embrace the respondent's claim for the balance due under the contract. It is well settled that "'No one is under a duty to resort to arbitration unless by clear language he has so agreed' (*Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130, 132). An agreement to arbitrate will not be extended 'by construction or implication' (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288, 289)." (*Matter of Rosenbaum* [*Amer. Sur. Co.*, N. Y.*], 11 N Y 2d 310, 314.) The respondent's demand for arbitration describes its claim as one "to recover from Dana the balance due and owing to Consolidated and unpaid by Dana in the sum of $96,702.35 with interest thereon from the date said amount was due, for work, labor and materials which Consolidated performed and furnished at the said Hotel Lido under the written agreement referred to above between Consolidated and Dana and which Consolidated was requested to perform and furnish for the benefit of Dana at the said Hotel Lido." There are a number of provisions in the contract documents providing for the arbitration of particular matters or disputes, but there is no specific provision for the arbitration of the petitioner's claim for the "balance due and owing * * * for work, labor and materials * * * performed and furnished * * * under the written agreement" between the parties. Article 40 of the "General Conditions", referred to in the demand, is not in the nature of a general and independent clause providing for arbitration of all disputes between the parties. It provides merely for the submission in the standard form of arbitration procedure of the American Institute of Architects of "All disputes, claims or questions subject to arbitration under the Contract". Clearly, such clause is merely intended to establish the "form of arbitration procedure" to be followed where disputes are arbitrable, and where the right to arbitrate a particular type of dispute depends upon some other provision of the contract. (See *Perlman Iron Works* v. *Driscoll Co.*, 19 A D 2d 824; *Matter of Chiappinelli-Marx* [*B & L Constr. Corp.*], 32 Misc 2d 621, 623; cf. *Matter of Elora Realty* [*William Savage, Inc.*], 305 N. Y. 842.) The position of the respondent is that its claim falls within the scope of article 31 of the "General Conditions", viz.: "Article 31. Damages. Should either party to the Contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration." Clauses of similar wording, construed as a whole, have been held to be inapplicable to a claim for a balance due under this type of contract. In *Perlman Iron Works* v. *Driscoll Co.* (*supra*), we held that "While a breach of a contract might be found to be a wrongful act within the meaning of article 30 of the contract [similar to art. 31 here] we construe that article when read in its entirety as being here inapplicable", and we cited *Matter of Chiappinelli-Marx* (*B & L Constr. Corp.*) (*supra*, p. 623), where the court said "the tenor of the clause [art. 31], when read as a whole, signifies that the 'damages' described were not intended to include money due and unpaid, for it specifies that the written claim must be made 'within a reasonable time of the first observance of such damage and not later than final payment'. Assuredly, the limitation of 'final payment' has little significance, if neglect to pay a balance due were intended." (See, also, *Matter of Eagar Constr. Corp.* v. *Ward Foundation Corp.*, 255 App. Div. 291.) Finally, the record

does not support respondent's contention that petitioner participated in the arbitration proceeding and thereby is barred from challenging the arbitrability of the dispute. Petitioner's request for an extension of time to select arbitrators may not be considered as a voluntary submission of the dispute to arbitration, particularly in view of the fact that it was at the same time protesting the arbitration of the dispute and had notified the American Arbitration Association that it was moving for an order staying arbitration. Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.