In the Matter of MAX LEHMAN, Respondent, against WALTER G. OSTROVSKY, Defendant, and ALL-ASIA PRODUCTS CORPORATION, Appellant.

(Submitted March 22, 1934; decided April 17, 1934.)

*David Ray Bernstein* for appellant. The order directing arbitration was unwarranted as to appellant. (*Pro-*

*ducers Mercantile Co. v. Palmer & Pierce,* 195 App. Div. 523; *Matter of Gresham & Co.,* 202 App. Div. 211; *Matter of Universal Film Exchanges, Inc.,* v. *King,* 144 Misc. Rep. 708; *Duffy Co.* v. *Todebush,* 157 App. Div. 688; *Catskill Nat. Bank* v. *Dumary,* 206 N. Y. 550; *Gates* v. *McKee,* 13 N. Y. 232; *Belloni* v. *Freeborn,* 63 N. Y. 383; *Smith* v. *Molleson,* 148 N. Y. 241; *Evansville Nat. Bank* v. *Kaufmann,* 93 N. Y. 273; *American Rattan Co.* v. *Cone,* 190 N. Y. Supp. 782; *Guardian Trust Co.* v. *Peabody,* 122 App. Div. 648; 195 N. Y. 544; *Hamilton Trust Co.* v. *Shevlin,* 156 App. Div. 307; 215 N. Y. 735.)

*Charles C. Lamm* for respondent. The construction placed by the trial court upon the contract was just and proper. (*Matter of Marchant* v. *Mead-Morrison Mfg. Co.,* 226 App. Div. 397; 252 N. Y. 284.)

POUND, Ch. J. Petitioner trades in furs in New York city. All-Asia Products Corporation is a domestic corporation located in New York city. A contract was entered into, for the account of Walter G. Ostrovsky, a foreign seller, between All-Asia Products Corporation, importers, and Max Lehman, buyer, for the purchase of 2,000 Raw Western Yellow Marmot skins to be shipped from China. The contract provides:

" If merchandise is not up to description same is subject to New York Arbitration under the rules of the American Fur Merchants Association."

" All-Asia Products Corp. guarantees the award, if any."

A dispute arose. Lehman requested arbitration. The All-Asia Products Corporation refused to arbitrate. Lehman applied to the court for an order compelling it to proceed to arbitration. The motion was granted. The justice granting the order said: " The facts are not seriously disputed. The principals are a seller in a foreign land represented by an agent here and a buyer here. The arbitration clause is between the principals but ' the

award is guaranteed' by the agent. To construe the agreement as the agent urges would make it binding only on the buyer, for the seller cannot be brought into the jurisdiction without his consent. Taking into consideration all the circumstances the contract must be construed to mean that the agent would arbitrate and pay the award."

The order was affirmed by a divided court, two justices dissenting.

Appellant contends that appellant never agreed to arbitrate; that the contract to arbitrate was made by the All-Asia Corporation for the account of Ostrovsky and that its agreement to guarantee the award is wrongly construed as an agreement on its part to arbitrate as to the amount of the award. Any other construction is at variance with plain language. No one is under a duty to resort to arbitration unless by clear language he has so agreed.

The orders should be reversed and the motion for arbitration denied, with costs in all courts and ten dollars costs of motion.

CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; LEHMAN, J., dissents; KELLOGG, J., not sitting.

Orders reversed, etc.