In the Matter of the Arbitration between ABRAHAM TILEVITCH, Petitioner, and ANN ROSENSHINE, as Administratrix of the Estate of AARON ROSENSHINE, Deceased, Respondent.

Supreme Court, Special Term, Queens County, December 13, 1950.

*Alvin A. Berg* for petitioner.

*Samuel Weisman* for respondent.

HALLINAN, J. This is a proceeding to compel arbitration pursuant to article 84 of the Civil Practice Act.

The petitioner and the respondent's intestate, up to the latter's death on June 13, 1950, were copartners of a drugstore under a copartnership agreement dated November, 1929. A dispute has now arisen as to the petitioner's right to purchase the decedent's share of the enterprise and the price he shall pay therefor, as well as the claim of the petitioner for additional compensation following the death of the other partner, and the indemnification for the possible lawsuit resulting from a personal injury claim made against the partnership.

The partnership agreement was for an indefinite term unless either party desired to withdraw, or in the case of a sale in which event, the partnership was to terminate. It provides for arbitration under two separate paragraphs. In the " Thirteenth " paragraph " any dispute or misunderstanding between the parties hereto during the term of this agreement, with reference to any matter of the said business " was made subject to arbitration. Paragraph " Fourteenth " provided that " Upon the dissolution of this copartnership, either at the expiration of the term herein provided for, or at any other time, all debts of the copartnership shall be paid and the remaining assets thereof shall be divided equally between the parties hereto, share and share alike. If actual division of the said assets shall not be possible or practicable; or the parties hereto shall fail to agree upon the manner of such division, in such event " arbitrators will be selected to " devise by a majority decision, the *Way* and *Manner* of division of the said partnership assets." The question to be determined is whether the dispute now existing between the parties comes within the purview of either of the foregoing paragraphs, for it is well settled that no one is under a duty to arbitrate unless by clear language the parties have so agreed. (*Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132.)

It seems clear that the dispute here involved is not subject to arbitration under the " Thirteenth " paragraph since by its terms arbitration was therein agreed to of " any dispute or misunderstanding *between the parties* hereto *during the term of this agreement* ". (Italics supplied.) Petitioner urges, however, that arbitration may be compelled under the " Fourteenth " paragraph since the arbitration therein contemplated was as to the way and manner of division of the partnership assets upon the dissolution thereof " either at the expiration of the term herein provided for, *or at any other time* ".

(Italics supplied.) He argues that since the death of one. of the copartners resulted in a dissolution by operation of law (Partnership Law, § 62, subd. 4) such a dissolution came within the ambit of the phrase " or at any other time ". The court is unable to agree with this view.

It is clear that the arbitration contemplated by paragraph " Fourteenth " was intended in the case of the dissolution of the copartnership at the expiration of the term or at any other time during the *life* of the partners, for it is provided that the remaining assets of the partnership, after the payment of debts, should be divided equally " between the *parties hereto* ". (Italics supplied.) In the event of the impossibility or impracticability of the actual division of the assets or the failure of the " *parties hereto* " (italics supplied) to *agree,* then in such event it was provided that " *each of the parties hereto* shall select an arbitrator ". (Italics supplied.) Nothing is stated in this paragraph concerning the eventuality of the death of either of the parties, nor is there any language therein to indicate that the words " *parties hereto* " (italics supplied) should include the representative of a deceased partner. When the parties intended to provide for the eventuality of the death of either, they expressly did so in the " Eleventh " paragraph, but that paragraph neither contains an arbitration clause nor does it contemplate the type of dispute which has now arisen. It provides simply that in the event of the death of either of the parties during the term of the agreement " the surviving partner shall have an accounting with a legal representative of the estate of the deceased partner and the amount of money found to be due unto the estate of the deceased partner shall be paid over by the surviving partner to the legal representatives of the decedent." There are provisions for the payment of the sum found to be due, to the estate of the deceased partner, the surviving partner to have six months after such death to pay the same, and that the representative of the deceased partner shall have no right to bring an action for a period of six months from the date of death. There are provisions as to the payment of profits up to the date of the actual payment of the sum found to be due, and so on.

There is nothing in the entire agreement to indicate that the arbitration clauses were to be projected into the type of dispute with which the parties are now faced. Under these circumstances, the court is constrained to deny the application.