**COMPANIA MARITIMA ADOR, S.A., as Owner of THE CAPTAIN THEO, Petitioner,**

v.

**NAVICO A.G., Charterer and Bunge & Company, Limited, Respondents.**

United States District Court
S. D. New York.

April 22, 1959.

Nelson, Healy, Baillie & Burke, Nicholas J. Healy, 3d, New York City, for petitioner.

Graugard & Moskovitz, Irving Moskovitz, New York City, for respondent Bunge & Co., Limited.

Deutsch & Zucker, New York City, for respondent, Navico, A.G.

**840**

PALMIERI, District Judge.

This is a petition for an order directing that arbitration proceed. The petition is brought under 9 U.S.C. § 4 (Supp. V). The making of the arbitration agreement is in dispute.

Petitioner entered into a charter party with respondent Navico wherein it was agreed that petitioner's ship would carry a full cargo of grain to Avonmouth or Liverpool, completing at Greenoch. This charter contained a typewritten rider providing for arbitration in New York City of any dispute between the owner and the charterer. A bill of lading was then issued naming Bunge Corporation (Corporation) as shipper. This bill incorporates the terms of the charter party above referred to. This bill also contains a clause providing for arbitration in London, England, of disputes arising out of the bill.

The voyage contemplated by the charter, and the carriage of goods contemplated by the bill, have now been completed. Petitioner asserts that charges for demurrage are due, and this petition for arbitration seeks arbitration of the claim for demurrage. It should be noted that the duty to arbitrate is not sought to be enforced either against the charterer or the shipper. It is sought to be enforced against Bunge & Company, Ltd. (Company). The petitioner's claim that the Company has agreed to arbitrate stems from the following exchange of correspondence:

"23rd January, 1959.
"Bunge & Co. Ltd.,
City.
"Dear Sirs, 'Captain Theo' C/P.20.10.58.

"With reference to Clause 4 of the above Charter Party we note that it is provided that demurrage and/or despatch is to be adjusted on settlement of the freight. Insofar as we are collecting freight from the individual Receivers, we assume that it is not your intention that we should recover demurrage from them and that we may look to you for any demurrage which is legally due.

We would appreciate your confirmation.
"Yours faithfully,
Simpson, Spence & Young.
(signature illegible)
As Agents."

"26th January    59.
"Messrs. Simpson, Spence & Young,
Baltic Exchange Chambers,
28, St. Mary Axe,
London, E.C.3.
"Dear Sirs,   'Captain Theo'—C/P. 20.-
10.58.

"Referring to your letter of th[e] 23rd instant, we confirm that you may look to us for settlement of any demurrage which is legally due on the above vessel.
"Yours faithfully,
for: Bunge & Col [sic] Limited."

(no signature)

■ The respondent company (the charterer has no interest in this proceeding, no claim being asserted against it) resists the petition on two grounds. The first is that this Court has no jurisdiction over the agreement between the Company and petitioner, executed on the petitioner's behalf by its agents. I believe that this contention is, however, without merit. One who guarantees his principal's maritime obligation may be sued on his guarantee in admiralty. Haller v. Fox, D.C.D.Wash.1892, 51 F. 298; cf. Archawski v. Hanioti, 1955, 350 U.S. 532, 76 S.Ct. 617, 100 L.Ed. 676; Insurance Co. v. Dunham, 1871, 11 Wall. 1, 20 L.Ed. 90.

■ The respondent Company also claims that the exchange of letters set forth above does not constitute an agreement on its part to arbitrate questions of demurrage. Petitioner claims that the arbitration agreement of the charter party is to be incorporated into the exchange of letters through the provisions of the bill of lading. The respondent Company argues that if any agreement to arbitrate is to be incorporated into the exchange of letters, it is the agree-

ment to arbitrate in London contained in the bill of lading. It has stated that it is willing to arbitrate in London, but petitioner has not accepted this offer.

The exchange of letters is brief and unequivocal. It contains no language by which the respondent Company might be deemed to have agreed to resort to arbitration. The Company, by guaranteeing the shipper's obligation under the bill, did not agree to arbitrate any dispute as to the measure of that obligation. Lehman v. Ostrovsky, 1934, 264 N.Y. 130, 190 N.E. 208.

The petition is, accordingly, denied. The order is filed herewith.