**In the Matter of the Arbitration between**
**TAIWAN NAVIGATION CO., Ltd.,**
**Petitioner,**
**and**
**SEVEN SEAS MERCHANTS CORPORA-**
**TION and Kervin Shipping Corpora-**
**tion, Respondents.**

United States District Court
S. D. New York.

May 13, 1959.

Cardillo & Smith, New York City, for petitioner, Donald F. Mooney, New York City, of counsel.

Kreis & Kreis, New York City, for respondent Kervin Shipping Corp.

SUGARMAN, District Judge.

On January 23, 1958 Taiwan Navigation Co. Ltd. (Taiwan) chartered its vessel the "New Kaohsiung" to Seven Seas Merchants Corporation (Seven Seas) "As per authority: Kervin Shipping Corporation, As Brokers Only" (Kervin).

The contract provided *inter alia:*
"17. That should any dispute arise between Owners [Taiwan] and

the Charterers [Seven Seas], the matter in dispute shall be referred to three persons at New York, one to be appointed by each of the parties hereto, and the third by the two so chosen; their decision or that of any two of them, shall be final, and for the purpose of enforcing any award, this agreement may be made a rule of the Court. The Arbitrators shall be commercial men."

"Clause 46. It is understood that Kervin Shipping Corporation will guarantee perform- of Seven Seas Merchants Corporation under this Charter Party."

On Seven Seas' default, Taiwan demanded that Seven Seas and Kervin arbitrate this dispute. It received no reply.

Taiwan now moves "for an order directing that an arbitration proceed in the manner provided for in the said charter party." Kervin appears and opposes. There is no proof that Seven Seas is before the court. Hence, this decision is addressed solely to Taiwan's prayer for relief as against Kervin.

Taiwan contends that Kervin must arbitrate Taiwan's claim against Kervin under the guaranty. This novel position is based upon a most strained reading of the charter party. Kervin contracted to guarantee Seven Seas' performance of the contract of hire. The charter is silent as to how disputes concerning Kervin's liability, if any, are to be resolved.

Clearly, the arbitration contemplated by the charter party is arbitration between *"the Owners"* [Taiwan] and *"the Charterers"* [Seven Seas]. There is nothing in the writing to suggest that Kervin should have to arbitrate anything as a principal.[1]

The contention that Kervin must "perform" for Seven Seas by going to arbitration on its behalf is rejected.

By Clause 17, Taiwan and Seven Seas merely agreed to the forum for the trial of issues arising from any claimed non-performance of the charter by either of them. "Performance" of the agreement woud result in no disputes and hence no need to resort to the courts or to arbitrators. The arbitration of disputes is not part of the "performance" of the charter party as contemplated by the parties and as guaranteed by Kervin.

Accordingly, Kervin need not arbitrate on behalf of Seven Seas in fulfillment of its guarantee of the latter's performance.[2]

The petition is denied. This is the order; no further order is necessary.

---

1. Cf. Jones v. Fox Film Corporation, 5 Cir., 1934, 68 F.2d 116.

2. Cf. Compania Maritima Ador, S.A., v. Navico A. G., D.C.S.D.N.Y., 173 F.Supp. 839.