Louis B. Heller, J.
This is a motion to confirm an arbitration award and for the entry of a money judgment pursuant thereto.
The petitioner, a subcontractor, was employed by respondents, manufacturers of men’s and boys’ clothing. A dispute arose between them as to the workmanship of the manufactured goods. Thus, upon respondents ’ refusal to pay petitioner what appears to be the final sum alleged to be due, and being unable to amicably adjust their differences, petitioner initiated arbitration proceedings.
*449 A collective bargaining agreement of the industry, petitioner asserts, binds “ every manufacturer and contractor utilizing the services of employees affiliated with the Amalgamated Clothing Workers of America in the Men’s Clothing Industry Respondents, however, contend they are not signatories to the collective bargaining agreement and their voluntary appearance before the impartial arbitrator was solely for the purpose “ to explain my position The contention of petitioners “ that it is unimportant in this proceeding as to whether or not the Respondent is a member of the New York Clothing Manufacturers Exchange, Inc. or a member of the Amalgamated Clothing Workers of America ” is untenable. “No one is under a duty to resort to arbitration unless by clear language he has so agreed.” (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132.)
On these papers it appears conceded that respondents were not members of the subject agreement. Therefore, as was stated in Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.] (306 N. Y. 288, 289): “ The rule is that a party is not to be compelled to surrender his right to resort to the courts, with all of their safeguards, unless he has agreed in writing to do so ” (emphasis supplied).
Accordingly, it is evident that respondents’ appearance was voluntary for the sole purpose asserted (supra), and since there is no showing that the respondents agreed in writing to be bound by the determination made by the impartial arbitrator, the motion is in all respects denied.