█ ELIAS HELLER & ASSOCIATES, INC., Appellant, v. DAVID BERGNER et al., Copartners Doing Business under the Name of 850 COMPANY, Respondents, et al., Defendants.

MEMORANDUM: Order, entered on April 15, 1964, staying prosecution of the action and directing arbitration, affirmed, with $30 costs and disbursements to respondents. Plaintiff-appellant, a general contractor, in March, 1962, entered into an agreement with defendants, the owners of premises on Seventh Avenue, Manhattan, for the alteration of the premises according to certain plans and specifications. The contract provided for an over-all payment of $91,403 for the proposed work and labor. After plaintiff had proceeded with the alterations, it filed a notice of mechanic's lien against the subject premises in the sum of $71,234.42. The sum so claimed included $9,253 as a balance due under the contract and $61,981.42 as the reasonable price of extra work, which plaintiff alleged it had performed. Suit was commenced by plaintiff to recover the $71,234.42 and to foreclose the mechanic's lien. It is that suit which has been enjoined. The contract between the parties provided: "Any disputes on value of required work to be arbitrated". Appellant contends (1) that no valid arbitration agreement was made, and (2) that, in any event, no portion of appellant's claim in the action falls within the scope of the arbitration agreement. This court is unanimous in finding a valid arbitration agreement. The dissenting Justices, in an opinion by EAGER, J., would, however, give the arbitration clause a restrictive interpretation so as to exclude any dispute as to the claim for $61,981.42 for extra work. The majority of the court can see no warrant for such a sterile and limited construction of the agreement to arbitrate. It is true that the parties did not agree that any and all disputes arising under the contract were to be arbitrated. But taken in the context of the entire

agreement, the language of the arbitration clause indicates clearly that any dispute as to the amount to be paid for work done in the alteration of the premises was to be settled by arbitration. A claim for extra work is so intimately connected with performance under the contract that it may not be said that it does not arise out of the contract containing the arbitration clause. The arbitration clause contains two elements, (1) required work and (2) the value thereof. That plaintiff denominates work it has done as "extra work" does not militate against a finding that it was "required" under the contract for alteration of the building. Whatever work was done was pursuant to the contract for the alterations. Unanticipated circumstances arising in the performance of these alteration contracts may necessarily call for work not specifically provided for but nevertheless "required" to be performed to complete the contemplated alteration. The word "required" includes not only the precise specifications but also the reasonable expectations of the parties for the proper completion of the intended alteration. Hence, the arbitration clause gives to arbitrators the right to determine initially whether the work was required, either by specification or reasonable extension of the intent of the parties. Only if the "extra work" for which plaintiff sues was "required" would plaintiff be entitled to recover. Following a determination of what was "required", the arbitrators may then assess the value. The dispute between the parties therefore falls literally, as well as by proper construction, within the borders of the arbitration clause.

EAGER, J. (dissenting). I agree that the architectural notes, including the arbitration clause therein, were effectively incorporated into and became a part of the contract between the parties for the alterations to the building. The clause, however, is not in the nature of an unlimited clause purporting to embrace all disputes arising in connection with the alteration work. The provisions here are merely for the arbitration of "any disputes on value of required work".

The arbitration clause, construed in light of the provisions of the contract as a whole, means that any dispute between the parties as to the "value" of the work "required" by the terms of the contract is subject to arbitration. To this extent, the clause has meaning notwithstanding that the contract provides for a fixed price for the specified labor and materials. A dispute with respect to the value of the contract work may very well be a material issue for determination in connection with a claim for a balance due under the contract or by either party for a breach of the contract. To this extent, the arbitration clause here is unambiguous and should be given full effect.

The contractor's claim here is for $9,253 as the alleged balance of the contract price and also for the sum of $61,981.42 as the agreed price and reasonable value of alleged extra work and materials. Instead of seeking an arbitration limited to the "value of the required work" as provided by the agreement of the parties, the owners demand arbitration of the "value of all work performed under such contract including the value of any alleged extra work, as well as the value of work required to be performed but not performed."

To enlarge the agreement between the parties to encompass disputes as to the "work performed" and as to "the value of any alleged extra work" is to extend the scope of the agreement "by construction or implication" and this is forbidden. (*Matter of Rosenbaum* [*Amer. Sur. Co., N. Y.*], 11 N Y 2d 310, 314.) It is a "special rule that the courts have laid down with respect to arbitration clauses, namely, that the agreement to arbitrate must be direct and the intention made clear, without implication, inveiglement or subtlety". (*Matter of Doughboy Ind.* [*Pantasote Co.*], 17 A D 2d 216, 218, 219, citing cases.) "A party is not to be compelled to surrender his right to resort to the

courts, with all of their safeguards, unless he has agreed in writing to do so * * * by clear language". (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288, 289; see, also, *Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132.)

The parties did not agree that any and all disputes arising under the contract were to be arbitrated. They did not agree that the matter of performance or nonperformance by the contractor was to be submitted to arbitration, nor did they agree that disputes with respect to extra work were to be arbitrated. Their agreement was limited to a provision for the arbitration of any dispute between them as to the "value" of the contract work.

Claims for extra work, if any, would not arise out of a contract containing the arbitration clause. The contract detailed the labor and materials to be performed thereunder and contained no provision for extra work. Any claim for extra work would necessarily depend upon the existence of a subsequent understanding or contract, express or implied. It is clear that the arbitration clause in the original contract, construable as a clause limited to an arbitration of disputes arising with respect to the "value" of required work thereunder, may not be extended to embrace disputes arising under the subsequent contracts for extra work.

The order appealed from should be reversed and vacated, without prejudice to the institution of the arbitration of a dispute between the parties, if any, as to the value of the required work under the contract; and, in the event such an arbitration is instituted, without prejudice to such application to the court as may be proper in connection therewith.

Valente, Stevens and Bastow, JJ., concur in decision; Eager, J., dissents in opinion in which Breitel, J. P., concurs.

Order, entered on April 15, 1964, staying prosecution of the action and directing arbitration, affirmed, with $30 costs and disbursements to respondents.