Memorandum. The arbitration clause contained in the employment contract provided: ‘ ‘ Any controversy concerning a question of fact arising under this agreement shall be determined by arbitration in accordance with the rules then in effect of the American arbitration association. ’ ’ (Emphasis added.)
While it is true that the employment contract makes mention of the stock option plan, there is absolutely no indication in the employment agreement that the parties ever contemplated arbitrating the disputes which might arise under the separate stock option agreement. Accordingly, in the absence of an arbitration clause in the option agreement itself, or some clear statement incorporating the arbitration clause contained in the employment contract, it is simply impossible to read these separate agreements as one to find the requisite intention to arbitrate the dispute which has arisen under the option agreement (Matter of Lehman v. Ostrovsky, 264 N. Y. 130). To hold otherwise, would, in our opinion, lead the parties into arbitration ‘ ‘ unwittingly through subtlety” (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 291).
Accordingly, the order appealed from should be affirmed.