■ In the Matter of S. KORNBLUM METALS Co., Appellant, v. INTSEL CORPORATION, Respondent.— In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Kings County, entered March 4, 1974, which denied the application, upon a jury verdict. Judgment affirmed, with costs (see Uniform Commercial Code, § 2-201, subd. [2]; CPLR 7501; *Trafalgar Sq.* v. *Reeves Bros.*, 35 A D 2d 194, and case therein cited). Martuscello, Latham, Shapiro and Christ, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and to grant a new trial, with the following memorandum: In this proceeding a trial by jury was held to determine whether (1) the parties had

reached an oral agreement for the sale of 250 tons of zinc in solid form and (2) as part of the agreement the parties contracted for the submission of any controversy to arbitration. The trial was closely contested on issues of fact on both issues, and the jury found in favor of the purchaser. Because of the refusal of the court to make a proper charge to the jury as requested, I am of the opinion that a new trial must be granted. The parties had dealt with one another before in the purchase and sale of zinc. On this occasion there was a clear question of fact whether the parties had orally agreed with respect to the sale of zinc in solid form, or whether the zinc was to be delivered in liquid form. The purchaser, acting on the assumption that the sale had been orally contracted for zinc in solid form, sent a purchase order which contained the essential terms of the agreement and included an arbitration clause. This purchase order was not signed by the seller; nor was a second purchase order later sent by the purchaser incorporating a different term for payments. When the seller insisted that a sale of zinc in liquid form was intended, the purchaser sought arbitration, claiming damages. This proceeding to stay arbitration was then instituted. At the trial the seller requested an instruction to the jury to the effect that the mere receipt of a purchase order including an arbitration clause, without returning it, does not constitute an agreement to arbitrate, unless preceded by an oral agreement. This, in my view, was a correct statement of law (cf. *Steelworkers* v. *Warrior & Gulf Co.*, 363 U. S. 574, 582; *Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130; *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 N. Y. 288). The fact that in prior sales evidenced by signed purchase orders arbitration had been settled on as the means of deciding disputes between the parties could not be decisive on this issue, since the process of arbitration must be accepted in each individual sale. The refusal of the trial court to charge that request was therefore prejudicial to the seller, as it permitted the jury to consider that the receipt and retention of the purchase order, without more, constituted an agreement by the seller to arbitrate the issues between the parties. Hence, I vote to reverse and for a new trial.