In the Matter of ASSOCIATION OF SURROGATES AND SUPREME COURT REPORTERS WITHIN THE CITY OF NEW YORK et al., Respondents, v RICHARD J. BARTLETT, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant. (Proceeding No. 1.)

In the Matter of BARBARA AYERS, as Chairwoman of the Law Stenographers Chapter of Local 1070, et al., Respondents, v RICHARD J. BARTLETT, as State Administrator of the Administrative Board of the Judicial Conference of the State of New York, Appellant. (Proceeding No. 2.)

OWEN K. FLYNN, as President of New York State Court Clerks Association, et al., Respondents, v RICHARD J. BARTLETT, as State Administrative Judge, et al., Appellants. (Action No. 3.)

Third Department, October 23, 1975

*Michael R. Juviler (Michael Colodner* and *Joseph Milano* of counsel), for appellants.

*Reavis & McGrath (James P. Durante* of counsel), for Association of Surrogates and Supreme Court Reporters within the City of New York and another, respondents.

*Julius Topol (William H. Frappollo* of counsel), for Barbara Ayers and another, respondents.

*A. Bernard King* for Owen K. Flynn and another, respondents.

SWEENEY, J. P. The individual petitioners in these consolidated proceedings are nonjudicial employees of the Unified Court System serving in the First Judicial District and sue on behalf of themselves and as members of a class. Also parties to the litigation are five employee organizations in which the various individuals are affiliated.

The facts out of which this controversy arose are not materially in dispute. In 1972 the Appellate Division, First Department, ordered the Supreme Court of the First Judicial District to cancel its annual 10-day court recess during the Christmas-New Year period and to continue operations as usual. The directive affected both judicial and nonjudicial personnel whose leaves were canceled. As a result of such cancellation, nonchargeable holiday leaves were eliminated. Prior to this order, and for some 23 years, nonjudicial employees were permitted nonchargeable leaves during the holiday recess. The procedure which had been followed was to permit half of the employees to take time off during the Christmas week and the other half during the New Year's week. After the elimination of nonchargeable leaves during the 1972 Christmas-New Year period, grievances were instituted in December of 1972 pursuant to Part 23 of the Rules of the Administrative Board of the Judicial Conference. (22 NYCRR Part 23.)

The grievance procedure is divided into three separate and distinct steps. The first step involves a request by the employee or his representative for a discussion with his immediate supervisor. (22 NYCRR 23.3.) Next, the employee requests a second step review by the designated representative of the administrative judge or other head of the court or agency. (22 NYCRR 23.4.) The final step, if required, is an appeal to the Unified Court System Employment Relations Review Board (hereinafter Review Board). (22 NYCRR 23.5.)

In the instant case the initial step was unproductive in resolving the dispute. In implementation of the second step, Justice SAMUEL SPIEGEL was designated to conduct a hearing.

Thereafter, in his decision dated December 26, 1972, he found there was no legal ground for granting the employees' grievances. Petitioners then appealed to the Review Board. The Review Board, by a decision dated December 12, 1973, determined that when the courts were in session during the Christmas-New Year period, nonjudicial employees were not entitled to nonchargeable leave. (This resolved the 1972 period dispute.) The board further determined that when the courts have the approval of the Appellate Division to recess during a Christmas-New Year period, the employees should be permitted shared time off as nonchargeable leave.

By order of the Appellate Division, First Department, a court recess for the 1973 Christmas-New Year period was declared. Those employees who availed themselves of a holiday were charged with time off against their annual leave. These lawsuits, consisting of two article 78 proceedings and an action for a declaratory judgment, were then instituted and ultimately consolidated. Special Term affirmed the order of the Review Board. This appeal ensued.

In urging reversal, appellants contend, among other things, that the Review Board exceeded its authority in going beyond the 1972 dispute and deciding an issue pertaining to future practices, such issue having been delegated solely to the Appellate Division. (22 NYCRR 24.1 [c].)

An examination of the record in its entirety clearly establishes that the grievances were instituted to challenge the validity of appellants' determination which deprived petitioners of nonchargeable days off as a result of the order to keep the courts open during the 1972 Christmas-New Year period. It is obvious from a reading of Justice SPIEGEL's decision that the 1972 holiday period was the only issue considered by him. This was expressly recognized by Special Term. It is from Justice SPIEGEL's decision and on the record made before him that an appeal was taken to the Review Board. Such board was limited to a review of that record and no additional evidence could be presented. (22 NYCRR 23.5.) It is fair and reasonable to assume that appellants' case was prepared and tried on the second step of the grievance procedure on the one issue which had been presented. In our view, it was improper and erroneous for the Review Board to consider and decide the issue of nonchargeable days off in a period not litigated or considered by Justice SPIEGEL. Coupled with the obvious reason that the appeal must be determined on the record, as

developed before the hearing tribunal and on only those issues presented to him, it is quite probable that appellants, had they been afforded the opportunity, would have offered proof on the issue of future practices. In fairness, appellants should have been given the opportunity to litigate such issue.

Special Term was plainly troubled by the expanding scope of the Review Board's decision, compared to the limited issue determined at the second phase of the grievance procedure. It was sanctioned, however, by equating the Review Board with an arbitration tribunal and thereby limiting the court's power of review as would be the case in an arbitration proceeding. This, in our opinion, was error. No one is under a duty to resort to arbitration unless by clear language he has so agreed. (*Matter of Lehman v. Ostrovsky*, 264 NY 130, 132.) Such is not the situation here, for Part 23 grievance procedure does not contain clear and convincing language of consent to submit to arbitrate. Nor did the parties involved make such an agreement by submitting their dispute to the Review Board. The mere fact that the Review Board's determination is final does not alter the situation. Significantly, Special Term recognized that this was not a true arbitration situation when it denied a petitioner's motion to confirm the Review Board's decision under article 75 of the CPLR.

Finally, appellants are charged with the demanding task and responsibility of operating the State's court system. Flexible and economical distribution of manpower is of paramount importance. This is particularly true in view of the present fiscal plight of New York City. To effectively operate the courts, appellants must retain control over the assignment of court terms and personnel to cope with changing circumstances. With the unification of the courts, the Administrative Board anticipated that some past practices should be continued and so provided, but only with the specific permission of the Appellate Division. (22 NYCRR 24.1 [c].) Since no permission was obtained, the Review Board's determination not only contravenes this rule, but also improperly interferes with the over-all task of administering the court system. The decision of Special Term, therefore, must be reversed and the petition dismissed.

We have examined all the other arguments and issues raised by the parties and conclude they require no further comment by us.

The judgment should be reversed, on the law, and petitions dismissed, with costs.

KANE, KOREMAN, MAIN and LARKIN, JJ., concur.

Judgment reversed, on the law, and petitions dismissed, with costs.