■ JOHN C. REVSON, Appellant, v BACHE HALSEY STUART INC., Respondent.—Order, Supreme Court, New York County, entered March 19, 1976, denying application to stay arbitration, is affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal. Petitioner Revson, a customer of respondent Bache a stock brokerage firm, on opening two accounts signed agreements which included the following arbitration clause: "Any controversy arising out of or relating to my account, to transactions with or for me or to this agreement or the breach thereof, shall be settled by arbitration". One of these accounts was in the name of John C. Revson and the other in the name of J.C.R. Trading Company. Within a few days other accounts were opened by a customer named Couri. There is a debit balance in the Couri accounts and Bache seeks to hold petitioner Revson liable for such debit balances, on the theory that the transactions in Couri's accounts were really for Revson e.g., that Couri was acting as agent for an undisclosed principal, Revson, and that therefore the transactions that went through the Couri accounts were for Revson, or that the parties were joint venturers, thus making Revson liable for the indebtedness incurred. Each of the two agreements was signed by petitioner Revson and each contained the above arbitration clause and has as its first paragraph the following: "I agree as follows with respect to all of my accounts, in which I have an interest alone or with others, which I have opened or open in the future, with you for the purchase and sale of securities and commodities." In the circumstances we think that the arbitration clause covering transactions "for me" fairly covers transactions entered into for Revson by his agent or co-venturer, even in other named accounts in which petitioner had an interest, if indeed there was a principal-agency or joint venture relationship between Revson and Couri. Of course, the arbitrators will have to decide whether there was in fact such a principal-agency or joint venture relationship. Furthermore, the arbitration may not cover any claims based on alleged violations of Federal securities laws. (*Wilko v Swan,* 346 US 427.) Concur—Stevens, P. J. Kupferman, Birns and Silverman, JJ.; Nunez, J., dissents in the following memorandum: NUNEZ, J. (dissenting). Petitioner-appellant Revson agreed to arbitrate any controversy arising out of or relating to *his* account. He did not agree to arbitrate controversies arising out of another's account. The phrases "transactions with or for me" and "all of my accounts, in which I have an interest alone or with others" all have

as their predicate petitioner's account. It is clear to me that respondent has completely failed to establish the requisite agreement to arbitrate which must be in clear language, in writing, and which may not be extended by construction or implication. *(Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288, mot for rearg den 307 NY 689; Matter of ITT Avis v Tuttle, 27 NY2d 571; Tanbro Fabrics Corp. v Deering Milliken, 35 AD2d 469, affd 29 NY2d 690).* In an apparent complete departure from this long established rule, the majority are now leaving it to the arbitrators to determine whether Revson agreed to arbitrate a dispute arising out of Couri's account. If, as the majority commands, "the arbitrators will have to decide whether there was in fact such a principal-agency or joint venture relationship" the arbitrators will determine whether Revson agreed to arbitrate, a role hitherto always reserved for the courts. I would reverse and stay arbitration or, at least, remand for a court hearing to determine whether Revson agreed to arbitrate disputes arising out of Couri's accounts.