Chief Judge Cooke
(dissenting in part). The parties to this dispute are told here that the surety is bound by a determination in arbitration between Parsons and Central but are left in doubt concerning whether Fidelity can be compelled to or can demand the right to participate in that proceeding. It is this gap in the majority’s decision that is found objectionable and from which this dissent emanates.
Arbitration was sought on the alleged breach by Central as well as Fidelity’s liability therefor as surety. The prevailing opinion concludes that Fidelity has a sufficient interest to participate in the arbitration between Parsons and Central, yet leaves for another day one of the questions presented on this appeal: whether Fidelity can be compelled to arbitrate a dispute concerning an alleged breach of the subcontract. At the same time, however, it is determined that Fidelity did not agree to participate in any arbitration by incorporating the subcontract into its bond. Rather, so the reasoning goes, Fidelity merely accepted the agreement to arbitrate between Parsons and Central and thereby agreed to be bound by a *134 determination in a proceeding between those parties. Such positions are the points of departure.
The arbitration clause in the subcontract provides that "[a]ll disputes arising out of this Contract, its interpretation, performance or breach, shall be submitted to arbitration”. Parsons and Central thereby agreed to submit to arbitration; but the language of the clause does not limit this method of resolution to disputes between the contractor and subcontractor. The majority is correct in determining that Fidelity defined its obligation under the bond by incorporating this clause. The obligation thus defined, however, is not merely that Fidelity would be bound by a determination in arbitration between Parsons and Central, but rather, that Fidelity agreed to submit to arbitration disputes concerning the subcontract. Indeed, this conclusion is impliqit in the majority’s overruling of Matter of Lehman v Ostrovsky (264 NY 130).
The incorporation of the subcontract and the language of the arbitration clause necessarily require that Fidelity be a party to the arbitration concerning Central’s alleged breach.
Accordingly, I dissent in part and vote to modify the Appellate Division order to stay arbitration only with respect to Fidelity’s liability on the bond.
Judges Jasen, Wachtler, Fuchsberg and Meyer concur with Judge Jones; Chief Judge Cooke dissents in part and votes to modify in a separate opinion in which Judge Gabrielli concurs.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.