■ YVES VAN DEN BOGAERDE, Appellant, v STAUB, WARMBOLD & ASSOCIATES INTERNATIONAL, INC., Respondent. — Order, Supreme Court, New York County, entered on March 21, 1980, *inter alia,* denying plaintiff's motion for renewal, unanimously reversed, on the law, with costs, defendant's motion for summary judgment denied, the judgment vacated, plaintiff's cross motion for summary judgment granted and the matter remanded to Special Term to determine the exchange rate to be employed. Appellant's appeal from the order of said court entered September 12, 1979, granting defendant's motion for summary judgment and from the judgment of said court entered thereon on September 19, 1979 is unanimously dismissed, without costs and without disbursements, as having been subsumed in the aforesaid order entered March 21, 1980. Plaintiff, a Belgian national, sued in New York County to enforce a Belgian Labour Court judgment awarding him damages for breach of an employment contract. Defendant moved, pursuant to CPLR 3211, to dismiss the complaint claiming the contract sued upon in Belgium contained a provision mandating arbitration and under CPLR 5304

(subd [b], par 6) New York courts need not and should not enforce that judgment for the proceedings in the Belgian court were taken contrary to the parties agreement that any such dispute be resolved by arbitration in the City of New York. Plaintiff cross-moved for summary judgment. In April, 1974 plaintiff entered into a probationary consulting contract with defendant, an international executive search company. Article 9 of the agreement required any dispute concerning its terms, conditions and construction be resolved by arbitration in New York City. A second, more lasting, agreement was entered into in August, 1974. Paragraph 8 thereof provided: "This agreement constitutes the entire understanding between us and supercedes all previous agreements." The clause requiring arbitration in New York City was omitted. Indeed, the only reference to arbitration in this contract was a provision in paragraph 7 directing notice in connection with arbitration be sent by certified mail to the parties at specified addresses. Defendant became displeased with plaintiff's performance and in October, 1976 discharged him. He thereupon sought compensation in the Labour Court in Brussels, Belgium, for defendant's breach of the August, 1974 contract. In that suit, litigated on the merits, and in which defendants asserted a counterclaim, it does not appear defendants ever urged upon the court that plaintiff had any such contractual obligation to arbitrate. In a detailed opinion the Belgian court concluded plaintiff had been terminated without cause and awarded him a money judgment. As modified by the Labour Court of Appeals of Brussels, that judgment amounted to 1,442,256 Belgian francs, plus interest. Inasmuch as defendant had removed itself from Belgium, plaintiff instituted suit here to enforce that judgment. Examination of the April and August contracts, as well as their history, discloses plaintiff's employment status improved markedly by reason of the August contract for it was altered from that of a probationary consultant serving on a fee basis to that of a salaried employee with related benefits. Further, he had succeeded in negotiating elimination of what to him, a Belgian national working in Belgium, was an onerous provision in the probationary contract, namely the necessity of arbitrating several thousand miles from his home. Given the fact the later contract expressly states it supplants the parties' previous agreement and contains no provision committing them to arbitration, no justifiable basis existed for Special Term's refusal to enforce the Belgium judgment. The notice language of paragraph 7 offers no impediment to this conclusion for it simply does not rise to the level of a clear agreement by the parties to arbitrate. (See *Matter of Lehman v Ostrovsky,* 264 NY 130.) Moreover, even if a valid agreement to arbitrate existed we would still be constrained to reverse for defendant fully participated in the Belgian action. *(De Sapio v Kohlmeyer,* 35 NY2d 402.) Since there is a valid issue as to the exchange rate to be utilized in converting the Belgian judgment to a New York judgment, that issue is remanded to Special Term to hear and determine. Concur — Birns, J. P., Fein, Sullivan, Markewich and Yesawich, JJ.