■ JAMES R. WILLIAMS et al., Respondents, v JOSEPH DILLON & Co., INC., et al., Appellants. [663 NYS2d 126] —In an action, *inter alia*, to recover damages for fraud, the defendants appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered August 20, 1996, as denied their motion to compel arbitration.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendants' motion which was to compel James R. Williams to submit his claims to arbitration and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs James R. Williams and Randolph Williams opened a joint account with the defendant Joseph Dillon & Co., Inc., through their broker, the defendant Richard Wozniak. There is no evidence that the plaintiffs signed a "New Account Agreement" at this time. The plaintiffs commenced this action, alleging, among other things, that the defendants made unauthorized transactions on their account. The defendants sought to compel arbitration based on the language in the New Account Agreement.

Inasmuch as the plaintiff Randolph Williams never consented

to arbitration, the court correctly denied that branch of the defendants' motion which was to compel him to submit his claims to arbitration (*see, Flanagan v Prudential-Bache Sec.,* 67 NY2d 500, 506-507, *cert denied* 479 US 931; *Lehman v Ostrovsky,* 264 NY 130, 132). However, subsequent to the transactions which are disputed in this case, the plaintiff James R. Williams opened a new individual account with the defendants. The New Account Agreement which James R. Williams signed encompassed "all agreements" between James R. Williams and the defendants, and required "*any* controversy" (emphasis in the original) between James R. Williams and the defendants "in any manner or in any way arising out of [James R. Williams's] relationship with [the defendants] to be settled by arbitration". The next paragraph of the agreement indicated that the agreement "contains the basic terms for *all* accounts" (emphasis supplied) between the parties to the agreement. The Agreement also gave the defendants the right to "treat all of customer's accounts as one, notwithstanding their segregation in separately numbered accounts". This broad language encompasses all accounts opened by James R. Williams with the defendants, and by signing the agreement, James R. Williams agreed to arbitrate *all* disputes between himself and the defendants, even those concerning transactions which occurred before the second agreement was executed (*see, Clark v Kidder Peabody & Co.,* 636 F Supp 195). Therefore, the court should have granted that branch of the defendants' motion which was to compel James R. Williams to submit his claims to arbitration.

The defendants' remaining contentions lack merit. Rosenblatt, J. P., Copertino, Krausman and Goldstein, JJ., concur.